### In re LAMBERTON.

(District Court, W. D. Arkansas, Ft. Smith Division. July 28, 1903.)

1. WITNESSES—PRIVILEGE—INFORMATION OBTAINED BY INTERNAL REVENUE OFFICER.

A collector or deputy collector of internal revenue cannot be compelled by a court to disclose as a witness before the court or a grand jury the names of persons in whose places of business special tax stamps are posted, or the places in which the same are posted; his information on the subject being obtained in an official capacity, and primarily from the records of his office, copies of which he is forbidden to furnish by the lawful regulations of the Treasury Department, as against public policy.

Habeas Corpus. Hearing on writ and return.

James K. Barnes, U. S. Dist. Atty., for petitioner.

F. A. Youmans, Asst. U. S. Dist. Atty.

ROGERS, District Judge. F. M. Lamberton, deputy internal revenue collector, on the 24th of July, 1903, filed a petition in this court for a writ of habeas corpus, alleging that he is unjustly and illegally deprived of his liberty and retained in custody of D. A. Eoff, sheriff of the county of Boone, in the state of Arkansas, under and by virtue of an order of the circuit court of said county. The writ was issued and served, and on the 27th inst. said sheriff filed his response, in which he sets forth that he holds the petitioner under an order of the Boone circuit court at its regular term, 1903, and makes a copy of the proceedings in that court a part of his return, and adds that "the respondent is ready in all things to obey the order of this court." The copy of the proceedings of the Boone circuit court is as follows:

State of Arkansas, Plaintiff, v. F. M. Lamberton, Defendant.

Contempt of Court.

On this day comes into open court the grand jury of this, Boone county, Arkansas, and by said grand jury it is made known to the court that F. M. Lamberton, a deputy collector of internal revenue for district of Arkansas, had been regularly summoned to testify before said grand jury, and that the following questions were asked the said F. M. Lamberton, to which he replied in words as follows: "Q. 1. Have you seen any one within the past twelve months sell any whisky in Boone county, Arkansas? If so, state the name of the party or parties so selling. A. I have not seen any one so selling in Boone county, Arkansas, that did not have state and county license. Q. 2. State, as a citizen, if you have seen in Harrison, Arkansas, within the past twelve months, any United States retail liquor license, or any permit from the government of the United States, posted in a conspicuous place, to sell liquor. A. I have seen retail liquor dealers' special tax stamps posted in conspicuous places in the town of Harrison within the last twelve months. Q. 3. You state you have. State the house and its owner, if you know it, and the owner of the license or permit. A. I have never seen the special tax stamps in Harrison except while acting in an official capacity, and I therefore refuse to state to whom they belonged or in whose house they were posted. Q. 4. If you know of your own knowledge, outside of referring to official records, and in an unofficial way, of any sales of liquor, or any person or persons being engaged in the traffic, so state, and also name of the parties. A. I do not have any such knowledge, except what I have obtained in an official capacity. Q. 5. Did you ever visit the house of Mrs. Cromwell, in Lead Hill, Arkansas, and did you see there such a United States license, or permit to sell liquor, posted in a conspicuous place, within the past year? A. I have been at her house within the past year, but always in an official capacity. I therefore refuse to state if I have seen such license posted there. Q. 6. Have you seen in any drug store in Boone county, Arkansas, any such license or permit posted in a conspicuous place? A. I have seen a retail liquor dealer's special tax stamp in a drug store in Boone county, Arkansas, but I saw it while visiting the same in an official capacity, and I therefore cannot state in whose house or whose stamp it was."

To this response of the sheriff, petitioner has filed his demurrer.

It will be seen that the only question involved is as to whether or not the Boone circuit court had the jurisdiction, power, and authority to imprison the petitioner for the refusal to answer questions 3, 4, 5, and 6, supra. So far as the precise questions involved are concerned, I have not been cited to, nor been able to find, any direct authority. So far as the principle involved is concerned, there is a conflict of authorities. If the principle involved presented an original question, I should feel constrained to remand the prisoner to the custody of the

sheriff. Reluctantly, I have reached the conclusion that he must be discharged. The information which the state seeks in this case is to enable it to punish its own citizens for the violation of its own laws. The information is within the knowledge of the petitioner, who is the deputy internal revenue collector, and was acquired by him while in the discharge of his official duties. It was within the scope of his official duties that he should know the very facts, the disclosure of which by him is sought. He does not decline to answer because of any reason personal to himself, but because he is directed by his superior officers not to do so. He cannot, of course, justify his refusal under instructions which his superiors had no power or authority to make. This raises the question as to whether his superiors have such power, and, if so, whether it has been exercised by making regulations prohibiting the disclosures sought. If this power exists, it must be found in the statutes. If it has been exercised, it must be found in the regulations made in pursuance thereof by those having power to make them.

Rev. St. § 3244 [U. S. Comp. St. 1901, p. 2096] requires that all retail liquor dealers shall pay a special tax. Rev. St. § 3238 [U. S. Comp. St. 1901, p. 2093], requires that this special tax shall be paid by stamps denoting the tax.

Rev. St. § 3240 [U. S. Comp. St. 1901, p. 2093], provides that:

"Each collector of internal revenue shall, under regulations of the Commissioner of Internal Revenue, place and keep conspicuously in his office, for public inspection, an alphabetical list of the names of all persons who shall have paid special taxes within his district, and shall state thereon the time, place, and business for which such special taxes have been paid."

Rev. St. § 3239 [U. S. Comp. St. 1901, p. 2093], provides that:

"Every person engaged in any business, avocation, or employment, who is thereby made liable to a special tax, except tobacco peddlers, shall place and keep conspicuously in his establishment or place of business all stamps denoting the payment of said special tax; and any person who shall, through negligence, fail to so place and keep said stamps shall be liable to a penalty equal to the special tax for which his business rendered him liable, and the costs of prosecution; but in no case shall said penalty be less than ten dollars. And where the failure to comply with the foregoing provision of law shall be through willful neglect or refusal, then the penalty shall be double the amount above prescribed. * * *"

Rev. St. § 3164 [U. S. Comp. St. 1901, p. 2057], requires every internal revenue collector "to report within ten days to the district-attorney of the district in which any fine, penalty, or forfeiture may be incurred for the violation of any law of the United States relating to the revenue, a statement of all the facts and circumstances of the case within his knowledge, together with the names of the witnesses, and which may come to his knowledge from time to time, stating the provisions of the law believed to be violated and on which a reliance may be had for condemnation or conviction, * * *"; and upon failure to do so he forfeits his right to any compensation, benefit, or allowance.

Rev. St. § 3169 [U. S. Comp. St. 1901, p. 2059], inflicts the penalty of dismissal from office, and a fine of not less than one or more than five thousand dollars, and imprisonment not less than six months or more than three years, upon any revenue officer who negligently or dishonestly permits any violation of the law by any other person

The reading of these statutes will make it clear that one of the duties imposed upon a deputy internal revenue collector is to see to it that retail liquor dealers shall place and keep conspicuously in their establishments or places of business stamps denoting the payment of said special tax (section 3239), and that the failure of the person who paid the special tax to comply with this provision of the statute subjects him to a penalty. It is therefore manifest that the information obtained by the internal revenue collector, and which he was required by the Boone circuit court to disclose, was information clearly within the scope of his official duties, and within the sections of the statute to which I have referred, and tend to show what is required of the internal revenue collector, as well as, in a measure, to indicate the public policy of the United States.

Rev. St. § 251 [U. S. Comp. St. 1901, p. 138], provides:

"The Secretary of the Treasury shall make and issue from time to time such instructions and regulations to the several collectors, receivers, depositaries, officers, and others who may receive Treasury notes, United States notes, or other securities of the United States, or who may be in any way engaged or employed in the preparation and issue of the same, as he shall deem best calculated to promote the public convenience and security, and to protect the United States, as well as individuals, from fraud and loss; he shall prescribe forms of entries, oaths, bonds, and other papers, and rules and regulations, not inconsistent with law, to be used under and in the execution and enforcement of the various provisions of the internal-revenue laws, or in carrying out the provisions of law relating to raising revenue from imports, or to duties on imports, or to warehousing. * * *"

Rev. St. § 321 [U. S. Comp. St. 1901, p. 186], provides that:

"The Commissioner of Internal Revenue, under the direction of the Secretary of the Treasury, shall have general superintendence of the assessment and collection of all duties and taxes now or hereafter imposed by any law providing internal revenue; and shall prepare and distribute all the instructions, regulations, directions, forms, blanks, stamps, and other matters pertaining to the assessment and collection of internal revenue. * * *"

In pursuance of section 251, under date April 15, 1898, the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, promulgated certain regulations for the government of the collectors of internal revenue, as follows:

"All records in the offices of collectors of internal revenue or of any of their deputies are in their custody and control for purposes relating to the collection of the revenues of the United States only. They have no control of them and no discretion with regard to permitting the use of them for any other purpose. Collectors are hereby prohibited from giving out any special tax records or any copies thereof to private persons or to local officers, or to produce such records or copies thereof in a state court, whether in answer to subpœnas duces tecum or otherwise. Whenever such subpœnas shall have been served upon them, they will appear in court and answer thereto and respectfully decline to produce the records called for, on the ground of being prohibited therefrom by the regulations of this department. The information contained in the records relating to special-tax payers in the collector's office is furnished by these persons under compulsion of law for the purpose of raising revenue for the United States; and there is no provision of law authorizing the sending out of these records or of any copies thereof for use against the special-tax payers in cases not arising under the laws of the United States. The giving out of such records or any copies thereof by a collector in such cases is held to be contrary to public policy, and not to be permitted. As to any other records than those relating to special-tax payers,

collectors are also forbidden to furnish them or any copies thereof at the request of any person. Where copies are desired for the use of parties to a suit, whether in a state court or in a court of the United States, collectors should refer the persons interested to the following paragraph in rule X of the rules and regulations of the Treasury Department, namely: In all cases where copies of documents or records are desired by or on behalf of parties to a suit, whether in a court of the United States or any other, such copies shall be furnished to the court only, and on a rule of the court upon the Secretary of the Treasury requesting the same. Whenever such rule of the court shall have been obtained collectors are directed to carefully prepare a copy of the record or document containing the information called for and send it to this office, whereupon it will be transmitted to the Secretary of the Treasury with a request for its authentication, under the seal of the department, and transmission to the judge of the court calling for it, unless it should be found that circumstances or conditions exist which makes it necessary to decline, in the interest of the public service, to furnish such a copy."

John T. Boske, Sheriff of Kenton Co., Ky., v. D. M. Comingore, 177 U. S. 460, 20 Sup. Ct. 701, 44 L. Ed. 846.

No doubt can be entertained as to the power of the Secretary of the Treasury, or of the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, to promulgate this order, the validity of which is upheld in the above case. It will be seen, by a careful reading of this regulation of the Treasury Department, that it does not cover precisely the questions to which answers are sought in this case. It related to the giving of information within the knowledge of the internal revenue collector of Kentucky, and found in the records of his office; and all of the cases, so far as I have been able to find, related to information contained in the records of the office of the internal revenue collector. In re Huttman (D. C.) 70 Fed. 699; In re Weeks (D. C.) 82 Fed. 729; In re Comingore (D. C.) 96 Fed. 552, affirmed in Boske v. Comingore, 177 U. S. 459, 20 Sup. Ct. 701, 44 L. Ed. 846. Opposed to the views expressed in the above opinion is the case of In re Hirsh (C. C.) 74 Fed. 928.

While the precise question involved in this case is not decided in any of these cases, I have been unable to distinguish between the principle decided and the principle involved in the case at bar. The very fact that the retail liquor dealer's stamp was required to be posted by the persons buying, in their establishment or place of business, came to the knowledge of the revenue collector by reason of the person buying it making application therefor; and the issuance of it, and the record made of it was contained within the files and records of the collector's office. Having obtained this information in that way, the collector or his deputy, as will be seen by an examination of the section of the statute above referred to, is required to proceed to the place where these stamps are required to be put up, in order that they may see whether they are posted as required by section 3239, Rev. St. U. S. [U. S. Comp. St. 1901, p. 2093]. But for such knowledge on the part of the collector or his deputy, neither the one nor the other, in all probability, would have visited the place where these special-tax stamps are required to be posted. The information, therefore, acquired by the deputy revenue collector in the beginning, is traceable to the records of the collector's office. It has been distinctly held, in the case of Boske v. Comingore, supra, that the officers in charge of these records cannot be compelled to disclose their contents. It

would be a manifest invasion of the principle decided if the court should hold to the letter of the law, and decide that the internal revenue collector cannot be required to produce his records, or disclose what they contain, but at the same time disregard the reason, and hold that he can be compelled to disclose what he has discovered in the discharge of his duties as the result of information contained in the records. If the one is privileged, clearly the other is. It would therefore seem that the principle involved in the case at bar cannot be fairly distinguished from the Comingore Case.

The result necessarily is that the defendant must be discharged