## GONZALEZ v. UNITED STATES.

(District Court, E. D. New York. February 16, 1924.)

Army and navy ⬅51½, New, vol. 12A Key-No. Series—Beneficiary of war risk policy entitled to examine governmental records.

Under War Risk Insurance Act, § 24 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514n), and section 405, motion of beneficiary of war risk insurance policy for an order directing taking of depositions and production of books and records for use in an action on policy will be granted, unless government stipulates to produce witnesses at trial with records in question.

Action by Augusta J. Pierce Gonzalez against the United States. On plaintiff's motion for an order directing taking of testimony and production of papers. Motion granted, unless the government enters into a certain stipulation.

Charles I. Engel, of New York City, for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), for the United States.

GARVIN, District Judge. This is a motion by plaintiff for an order directing the taking of testimony of defendant by deposition through authorized government officials, and further directing the production of books, department records, and reports of one of the government agencies. The action is to recover the sum of $10,000 war risk insurance upon a policy issued to the son of the plaintiff. It is claimed by the plaintiff that her said son was honorably discharged from the army with a surgeon's disability indorsed on his discharge, and in poor health; that previously he had been confined from 10 to 14 days in the United States hospital at Ft. Slocum, New York, suffering from injuries to the head, claimed to have been received in the line of duty. Some months after his discharge he died, as plaintiff claims, as a result of the injuries aforesaid. The government resists this application, claiming that a plaintiff may not examine and inspect an adversary's records in search of evidence, citing Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, and U. S. v. Youngs, 28 Fed. Cas. 801, No. 16,783, and further contending that the witnesses sought to be examined are all government officials, and that the court is without power to grant the relief requested, in view of the fact that it appears from the opposing affidavit that the information and document sought would be injurious to the public interest, citing Boske v. Comingore, 177 U. S. 459, 20 Sup. Ct. 701, 44 L. Ed. 846, Stegall v. Thurman (D. C.) 175 Fed. 813, and In re Lamberton (D. C.) 124 Fed. 446. Attorney General Moody advised the Secretary of Commerce and Labor at page 331 in volume 25, Opinions of Attorneys General:

"I am of the opinion that under the authorities cited above you may properly decline to furnish official records of the department, or copies thereof, or to give testimony in a cause pending in court, whenever in your judgment the production of such papers or the giving of such testimony might prove prejudicial for any reason to the government or to the public interest. The records of your department are executive documents acquired by the govern-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment for the purpose of administering its own affairs; they are to a certain extent quasi confidential in their nature, and must therefore be classed as privileged communications whose production cannot be compelled by a court without the express authority of a law of the United States."

The plaintiff urges that War Risk Insurance Act (40 Stat. 410, c. 105) § 405, provides that the instant action may be brought. Section 24 of the same act reads as follows:

"That the Bureau of War Risk Insurance, so far as practicable, shall upon request furnish information to and act for persons in the military or naval service, with respect to any contracts of insurance whether with the government or otherwise, as may be prescribed by regulations. Said bureau may upon request procure from and keep a record of the amount and kind of insurance held by every commissioned and appointive officer and of every enlisted man in the military or naval service of the United States, including the name and principal place of business of the company, society, or organization in which such insurance is held, the date of the policy, amount of premium, name and relationship of the beneficiary, and such other data as may be deemed of service in protecting the interests of the insured and beneficiaries." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514n.

It thus appears that Congress has deliberately and doubtless after due consideration provided that in this particular instance the same secrecy as to government records as has been assured by the courts shall not obtain in connection with the government records affecting disabled or dead soldiers, carrying war risk insurance. However, the government claims that this application is not made in good faith, but that plaintiff really seeks to ascertain the intended lines of proof of the government's defense. Plaintiff probably really desires to have these witnesses and records at the trial, to use, if necessary.

The motion is granted, unless the government will stipulate to produce all these witnesses at the trial, with the records in question, stipulating their accuracy, available to plaintiff in case she requires them as proof.