**FUSSELL et al. v. UNITED STATES.**

No. 8938.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1939.

J. H. Bilbrey, of Washington, D. C., and Clarence G. Ashby, of Jacksonville, Fla., for appellants.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Wm. A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

Anna F. Fussell was postmaster at the Fourth Class Post office, St. Catherine, Florida. On several occasions in the period from June to September, 1935, a person having a business address at Bushnell, Florida, deposited a quantity of post paid letters for dispatch at the St. Catherine post office. The postage cancelled upon these letters was included in the postmaster's return of cancellations, and commission thereon was claimed and retained by Mrs. Fussell. These commissions amounting to $208.90 were disallowed by the United States, but, due to certain credits, the amount certified as due by her to the United States was $100.48.

Upon refusal of Mrs. Fussell to pay the amount of the charge, the United States brought suit against her and the National Surety Corporation, her surety. Mrs. Fussell and her surety filed pleas setting forth that the postpaid mail was deposited in her office without solicitation and for reasons personal to the sender. The pleas further denied that such mail was diverted by her to the St. Catherine office. Demurrers to these pleas were sustained, and from judgment entered for the United States comes this appeal.

The question decided below and which is before us on appeal, is whether or not the postmaster, notwithstanding regulation 709(2) of the Postal Laws and Regulations, was entitled to claim credit for the cancellations if, as asserted by the pleas, she did not solicit the diversion.

The regulation in question provides: "709(2). Postmasters and post offices of the fourth class shall not claim credit for the cancellation of postage stamps on matter diverted from other post offices to their post office for mailing, and they shall report to the Third Assistant Postmaster General all such cases coming to their knowledge. * * *."

The appellant contends that the regulation just quoted is invalid in that it conflicts with the statute which provides for the compensation of postmasters of the fourth

996

class and which, among other things includes commissions on stamps "cancelled, on matter actually mailed at their offices." 39 U.S.C.A. § 57.

■ Department heads are by law authorized to prescribe regulations "not inconsistent with law, for the government of his department * * *." 5 U.S.C.A. § 22. "Those who insist that such a regulation is invalid must make its invalidity so manifest that the court has no choice except to hold that the Secretary has exceeded his authority and employed means that are not at all appropriate to the end specified in the act." Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 706, 44 L.Ed. 846.

■ Section 709(2) first notifies the postmaster that he shall not claim cancellation commissions on diverted mail matter, and, second, that he shall report such diversions to the Third Assistant Postmaster General in "all such cases coming to his knowledge." It is not contended that such a report was made by the postmaster. The sole defense is that such diversion was not solicited. That defense is unavailing. The regulation nowhere makes any distinction between solicited and unsolicited diversions. This being a civil suit, the question of whether or not the postmaster solicited the diversion in violation of 18 U.S.C.A. § 329 is immaterial.

Fourth class postmasters are limited to $1100 per year—a limit of $275 per quarter. In this case the volume of business at the St. Catherine office was very much increased as is evident from the fact that cancellation commissions in the sum of $208.90 were disallowed for the four month period. It is urged that it would be unfair to require fourth class postmasters to handle mail such as this and not compensate them for their service. By reference to the statute it can readily be seen that Congress has made provision for compensation of fourth class postmasters "for separating services and for unusual conditions during a portion of the year, in lieu of an allowance for clerical services for this purpose." 39 U.S.C.A. § 58. The appellant should have notified the Third Assistant Postmaster General of the diverted mail and requested compensation for handling same.

■ The regulation in question is reasonably adapted to the administration of the postal laws enacted by Congress. Furthermore, such regulation would seem to be an appropriate means of detecting unusual

conditions existing in the postal service. It carries into effect the policy of Congress in providing compensation for postmasters since it is the evident purpose of Congress that compensation be made upon the basis of business regularly done under normal circumstances. Cf. United States v. Foster, 233 U.S. 515, 34 S.Ct. 666, 58 L.Ed. 1074.

■ A regulation adopted under 5 U.S.C.A. § 22 (R.S. § 161) "* * * should not be disregarded or annulled unless, in the judgment of the court, it is plainly and palpably inconsistent with law." Boske v. Comingore, supra. We are of opinion that the questioned regulation is consistent with law, is reasonable and, therefore, valid.

The judgment is affirmed.