**GOWANDA COOPERATIVE SAVING & LOAN ASS'N et al. v. GRAY.**

No. 246, Docket 21676.

United States Court of Appeals
Second Circuit.

Argued June 7, 1950.

Decided July 5, 1950.

Newcomb & Walsh, Buffalo, N. Y., John T. Walsh, Buffalo, N. Y., for plaintiffs.

George L. Grobe, United States Attorney, R. Norman Kirchgraber, Assistant United States Attorney, Buffalo, N. Y., Edward E. Odom, Solicitor, Veterans Administration, David A. Turner, Assistant Associate Solicitor, Veterans Administration, Washington, D. C., for defendant.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Under the statute, 38 U.S.C.A. § 694d, the Administrator is authorized to issue rules and regulations. His regulations, if within his authority, have the force and effect of law. See Caha v. United States, 152 U.S. 211, 14 S.Ct. 513, 38 L.Ed. 415; Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846. On October 19, 1947, the date plaintiff Association applied for the certificate of guaranty, Regulation § 36.4307, 38 .CFR, 1946 Supp., was in effect. It reads:

"(a) The fact that other parties (1) will have an undivided interest with the veteran in the ownership of property, or (2) have joint and several liability with the veteran on a guaranteed.or insured obligation shall not make a loan ineligible, but *the amount of the loan upon which the guarantee or insurance shall be based in the case of a real estate loan, shall be proportional to the value of the veteran's* interest in the property or estate. * * *

"(b) If two or more eligible veterans are joint-obligors and request a guaranty or credit to an insurance account, the total amount guaranteed or credited shall be charged equally to their respective guaranty benefits, or apportioned otherwise as they may designate. *Regardless of the number of eligible veterans who are joint-obligors the maximum guaranty or insurance shall be calculated as if the obligation were several.*"

As we read the Regulation, the maximum guaranty available to any single veteran on any given loan is determined by the words we have italicized. The Veterans Administration followed these mandates of the Regulation in issuing and tendering the certificate of guaranty, for it offered to guarantee Magro's half of the loan to the statutory limit, and offered Gentile all of the guaranty remaining to him.

Affirmed.