## NATIONAL LABOR RELATIONS BOARD v. GENERAL ARMATURE & MFG. CO.

No. 10472.

United States Court of Appeals
Third Circuit.

Argued Oct. 4, 1951.

Filed Nov. 7, 1951.

Dominick L. Manoli, Washington, D. C., (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Assistant Gen. Counsel, and Thomas F. Maher, all of Washington, D. C., on the brief), for petitioner.

Marvin C. Wahl, Baltimore, Md. (Blanche Genauer Wahl, Baltimore, Md., on the brief), for respondent.

Before McLAUGHLIN, STALEY, and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Two principal contentions are advanced by the respondent employer, General Armature and Manufacturing Company, in opposition to this petition in customary form for the enforcement of an order of the National Labor Relations Board designed to require the employer to bargain collectively with a labor union after that union had won a consent election. One contention is that the refusal to bargain was justified by the terms of the union's request for bargaining. On the record, that defense is clearly without merit. The Board properly rejected it.

However, the respondent's other contention is more substantial. Respondent has challenged the result of the consent election contending that the union by false and improper representations concerning the consequences of a union defeat deprived the employees of their legally protected freedom of choice of a bargaining representative. Respondent communicated this challenge to the Regional Director of the Board whose decision on any such claim the parties had agreed to accept. The Regional Director caused his agent, Murray Geller, a field examiner of the Board, to investigate the complaint. On the basis of this investigation the Regional Director concluded that the respondent's contention was not substantiated.

■■■ Accordingly, the union was certified in due course. But respondent still refused to bargain with it. This refusal was charged as an unfair labor practice and the matter came on for hearing before a Trial Examiner. At that time, respondent sought to prove that the Regional Director had acted capriciously and arbitrarily[1] in that his representative Geller had not made a reasonable investigation of the alleged misconduct of the union. We think it clear, as the Board found, that the evidence adduced fell far short of proving capricious or arbitrary decision. However, in an attempt at additional proof, the respondent sought to require Geller himself to testify as to what he did in conducting the investigation. Geller refused to give any testimony on this subject on the ground that he did not have the consent of the Board or its General Counsel as required by the following provision of the Rules and Regulations of the National Labor Relations Board: "Sec. 102.90. No * * * agent, * * * or employee of the Board shall * * * testify in behalf of any party to any cause pending in any court or before the Board, * * * with respect to any information, facts, or other matter coming to his knowledge in his official capacity * * * whether in answer to a subpena, subpena *duces tecum* or otherwise, without the written consent of the Board or the Chairman of the Board, * * * or the General Counsel. * * * Whenever any subpena * * * described hereinabove shall have been served upon any such persons or other officer or employee of the Board, he will, unless otherwise expressly directed by the Board or the Chairman of the Board, or the General Counsel, as the case may be, appear in answer thereto and respectfully decline by reason of this Rule to * * * give such testimony." 12 F.R. 5656 (1947), 29 U.S.C. § 203.90 (1946), as amended, 14 F.R. 78 (1949), 29 U.S.C. § 102.90 (Supp. III 1946 ed.)

It is not claimed that this regulation is on its face invalid. Compare Touhy v. Ragen, 1951, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417; Boske v. Comingore, 1900, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846. But it is strongly urged that it was so employed in this case as to deprive respondent of a fair and full opportunity to present its case.

The hearing in question took place on July 6 and 7, 1949. On July 6, Geller was

---

1. It is clear that nothing short of capricious and arbitrary action by the Regional Director would invalidate his decision which the parties had agreed to accept as final. Semi-Steel Casting Co. v. National Labor Relations Bd., 8 Cir., 1947, 160 F. 2d 388; National Labor Relations Bd. v. Capitol Greyhound Lines, 6 Cir., 1944, 140 F.2d 754.

in attendance, seated at the counsel table with the attorney representing the General Counsel in the prosecution of the complaint. Then, for the first time so far as the record shows, respondent made known its desire to have Geller testify. At that time, counsel for respondent asked the attorney representing the General Counsel to permit Geller to testify. The attorney stated that such consent was beyond his power. Respondent then asked the Trial Examiner to issue a subpoena for Geller. This was done at some time during the same day. The subpoena bore the signature of a Board member other than the Chairman. It directed Geller "to appear * * * to testify" on the following morning. Accordingly, Geller appeared on July 7, and was called and sworn as a witness. However, he refused to answer questions concerning his official actions in the conduct of the investigation in question on the ground that he did not have the written permission of the Board, its Chairman or General Counsel as required by Rule 102.90. Respondent then requested that the Trial Examiner order Geller to testify. The Trial Examiner refused to do so. Respondent then moved that the complaint be dismissed upon the ground that he had been denied the substance of a full and fair hearing. This motion was denied. Respondent took no further action with reference to the obtaining of Geller's testimony.

The Board disposed of the issue thus raised by saying: "As found by the Trial Examiner, however, the Respondent made no attempt to obtain permission for Geller to testify, or even claim that it desired to obtain such permission, although there is nothing to show that, had such a request been made, it would not have been granted. In these circumstances, we agree with the Trial Examiner that the Respondent was not denied due process in the presentation of its case."

We find it unnecessary to decide whether the burden was upon respondent or Geller to go to the Board for the authorization required by Rule 102.90, because, in either event, in the circumstances of this case it was incumbent upon respondent to do more than it did in order to show a denial of fair and full hearing.[2]

The hearing in question occurred at Lock Haven, Pennsylvania. The Board and its General Counsel have their headquarters in Washington. Geller was called to the witness stand in Lock Haven less than twenty-four hours after the respondent first indicated to him and to the Trial Examiner its desire that he testify. Section 102.90 clearly required a manifestation of Board consent beyond a routinely issued subpoena bearing the signature of a Board member. Written consent from Washington was necessary, but the interval of less than a day was obviously insufficient for such clearance. Therefore, it is significant that respondent did not ask that the hearings be adjourned to permit it or Geller to seek the Board's consent. On this record we can not even assume that Geller would not have placed the matter before his superiors on his own initiative if time had permitted. But in any event, respondent did not ask Geller to inquire whether the Board would permit him to testify, or the Trial Examiner to direct Geller to make such inquiry.

It seems to us that the respondent has shown no more than that it attempted to obtain the testimony of a Board employee on very short notice and that the Rules of the Board operated to make the task of obtaining such testimony somewhat larger and more time consuming than it otherwise would have been. But the procedural steps already indicated which the respondent might have taken at the hearing on July 7, were neither burdensome nor obscure. And the difficulty need not have arisen if respondent had acted earlier and it might easily have been resolved by reasonable persistence which Rule 102.90 itself should have suggested to respondent. In these circumstances there was no such showing of frustration by the Board or its representatives as would constitute a denial of fair or full hearing.

---

2. Neither do we consider the possible consequences of a refusal by the Board to permit its employee to testify in a case like this. Cf., United States v. Andolschek, 2 Cir., 1944, 142 F.2d 503.

On the whole record, we are satisfied that the Board's order is valid and proper. A decree will be entered enforcing that order as prayed in the petition.