Mrs. Emma Norris **HUBBARD**

v.

**SOUTHERN RAILWAY COMPANY,**
a Virginia Corporation.

**Civ. A. No. 1593.**

United States District Court
M. D. Georgia,
Macon Division.

Nov. 9, 1959.

Roy B. Rhodenhiser, Jr., Andrew W. McKenna, Buckner F. Melton, Macon, Ga., for plaintiff.

Charles J. Bloch, Ellsworth Hall, Jr., Denmark Groover, Jr., Macon, Ga., for defendant.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., Chas. F. McLaughlin, Railroad Retirement Bd., Chicago, Ill., for movant.

BOOTLE, District Judge.

Plaintiff, widow of a former employee of the defendant, Southern Railway Company, brought suit for injuries to and for the death of her husband under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The defendant caused a subpoena duces tecum to be served on H. H. Dashiell, Regional Director, Railroad Retirement Board, Atlanta, Georgia, requiring him to produce: "(a) The entire file related to Robert H. Hubbard, 704–14–0602, and payments made to him for sickness or injury benefits; (b) specifically, the application of Robert H. Hubbard dated March 26, 1956 for sickness benefits; (c) record showing payments made on account of such benefits; (d) any subsequent application made by Hubbard for sickness benefits; (e) any records pertaining to the determination that benefits paid Hubbard from June 19, 1956 through January 15, 1959 were for illness and not for injury; (f) any statement or application made or signed by the deceased in connection with any application made by him for sickness or injury benefits to the Railroad Retirement Board." Thereafter, Dashiell, through the United States Attorney, moved that the subpoena be quashed, contending that he was prohibited from producing the records by the provisions of the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 362(d, n), the Railroad Retirement Board's regulations, 20 C.F.R. 262.16, and by instructions from his superior officers.

The courts have recognized the right of administrative agencies to make reasonable regulations regarding their records and reports and have upheld regulations forbidding agency employees from testifying in suits between private parties concerning the contents of secret official records. Appeal of United States Securities & Exchange Commission, 6 Cir., 1955, 226 F.2d 501, 518. The cited case holds that such regulations may be promulated by important administrative agencies created by Act of Congress, as well as by heads of departments of cabinet rank, page 518. The instant motion to quash the subpoena duces tecum is supported by Mr. Dashiell's testimony to the effect that he complied with the applicable regulations by reporting to the Board the fact that this subpoena duces tecum had been tendered to him, and was not thereafter authorized by the Board to comply with it.

The particular question before this court at this time is controlled by the cases of Boske v. Comingore, 1900, 177 U.S. 459, 469, 470, 20 S.Ct. 701, 44 L. Ed. 846, and United States ex rel. Touhy v. Ragen, 1951, 340 U.S. 462,

468, 71 S.Ct. 416, 95 L.Ed. 417. In each case a subordinate employee was held justified in refusing to produce (in Boske, by attaching to a deposition, and in Ragen, in response to a subpoena duces tecum) documents belonging to the department of the United States Government in which the witness was employed, the witness in each case relying upon a regulation promulgated by the head of his department. The Boske case involved a Collector of Internal Revenue and a regulation by the Secretary of the Treasury. The Ragen case involved an agent in charge of the Federal Bureau of Investigation and a regulation by the Attorney General.

In the Boske case Mr. Justice Harlan, for the Court, wrote: [177 U.S. 459, 20 S.Ct. 705] "The papers in question, copies of which were sought from the appellee, were the property of the United States, and were in his official custody under a regulation forbidding him to permit their use except for purposes relating to the collection of the revenues of the United States. Reasons of public policy may well have suggested the necessity, in the interest of the government, of not allowing access to the records in the offices of collectors of internal revenue, except as might be directed by the Secretary of the Treasury * * * [G]reat confusion might arise in the business of the department if the Secretary allowed the use of records and papers in the custody of collectors to depend upon the discretion or judgment of subordinates. At any rate, the Secretary deemed the regulation in question a wise and proper one, and we cannot perceive that his action was beyond the authority conferred upon him by Congress * * * In our opinion the Secretary, under the regulations as to the custody, use, and preservation of the records, papers, and property appertaining to the business of his department, may take from a subordinate, such as a collector, all discretion as to permitting the records in his custody to be used for any other

purpose than the collection of the revenue, and reserve for his own determination all matters of that character."

Mr. Justice Reed, for the Court, in the Ragen case said: "When one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious." [340 U.S. 462, 71 S.Ct. 419.]

Accordingly, the court is of the opinion that the witness Dashiell, a regional director of the Railroad Retirement Board, and as such a subordinate employee of the Board, is justified in respectfully declining to produce, disclose or deliver the subpoenaed documents, his declination being in strict accord with Sections 262.16(a) and (b) of the Board's Regulations by which he is bound.

The court finds it unnecessary to pass upon the broad questions argued by counsel. It is not necessary here to consider the ultimate reach of the authority of the Board itself to refuse to produce by order of court government papers in its possession. Nor does the court reach the question whether by the provisions of 45 U.S.C.A. § 362 (d) Congress intended to place the documents here subpoenaed beyond the reach of court processes. Nor does the court reach the other broad question suggested by counsel, whether, if Congress so intended, such provisions might constitute an unconstitutional, unwarranted or impermissible legislative interference with or invasion into purely judicial functions. No opinion is expressed or intimated as to these questions. This ruling is based upon the very much narrower ground above stated.

. Accordingly, the motion to quash said subpoena duces tecum is hereby granted and sustained, and said subpoena duces tecum is hereby quashed.