In the Matter of Contempt Proceedings against Jesse N. MENGEL, a Field Representative of the Department of Health, Education and Welfare, Social Security Administration.

Civ. A. No. 786.

United States District Court
W. D. Pennsylvania.

Jan. 2, 1962.

F. Joseph Thomas, Meadville, Pa., for Jesse N. Mengel, Joseph Ammerman, U. S. Atty., Pittsburgh, Pa., for the United States.

WILLSON, District Judge.

This civil action was removed into this court by the United States Attorney pursuant to the provisions of Section 1442 (a) of Title 28 United States Code. One Jesse Mengel, a Field Representative of the Department of Health, Education and Welfare, Social Security Administration, had been subpoenaed before the Orphans' Court of Crawford County, Pa. When sworn as a witness he refused to disclose the whereabouts of an individual, in answer to a question, declining to answer on the grounds that Section 1106 of the

Social Security Act, 42 U.S.C.A. § 1306, prevented him from doing so. The State Court then issued a rule to show cause why Mengel should not be held in contempt for refusing to answer. Before the return of the rule, the United States Attorney brought the case to this court. The case appeared on my October, 1961, Non-Jury list at Erie.

The facts were not disputed and were largely stated to the court by F. Joseph Thomas, Esq., who initiated the action in the Orphans' Court. Frances M. Ferguson brought an action in the Crawford County Orphans' Court to have her husband declared a presumed decedent, not having heard from or seen him for over seven years. Victor Ferguson, the husband, disappeared in December, 1952, leaving behind his wife and two minor children. In connection with that action, Mrs. Ferguson's attorney served notice upon the Social Security Administration that Mrs. Ferguson intended to make a claim for Social Security benefits in the event that the court declared her husband dead. Some days prior to the scheduled hearing before the Orphans' Court, Mengel had told Mrs. Ferguson's attorney that her husband was alive because his social security account number was active and deductions were being made from his wages. But Mengel would not divulge the whereabouts of Ferguson to her attorney.

Subsequently, Mengel was subpoenaed to appear before the Orphans' Court on March 7, 1961. At the hearing on that date he was sworn and took the stand as a witness. He testified that he had interviewed Ferguson, that Ferguson was alive and then produced a photograph of him holding a current issue of Life Magazine. When asked to disclose Ferguson's whereabouts, the witness declined to answer for the reasons set forth above. The Orphans' Court, after directing the witness to answer and the witness again declining, gave Mengel thirty days to show cause why he should not be held in contempt.

The government contends that, pursuant to Section 1106 of the Social Security Act, 42 U.S.C.A. § 1306, no information in the hands of the Secretary of Health, Education and Welfare, except as otherwise prescribed by the Secretary's regulations, may be disclosed. The regulations, as found in 20 C.F.R., Sections 401.1 and 401.2 provide as follows:

"401.1 PROHIBITION AGAINST DISCLOSURE.

"No disclosure * * * shall be made directly or indirectly except as hereinafter authorized by this part or as otherwise expressly authorized by the Commissioner of Social Security.

"401.2 AUTHORITY FOR REFUSAL TO DISCLOSE.

"Any request or demand for any such file, record, report, or other paper, or information, disclosure of which is forbidden by this part, shall be declined upon authority of the provisions of Section 1106 of the Social Security Act, and this part prescribed thereunder. If any officer or employee of the Department is sought to be required, by subpena or other compulsory process, to produce such file, record, report, or other paper, or give such information, he shall respectfully decline to present such file, record, report, or other paper, or divulge such information, basing his refusal upon the provisions of law and this part prescribed thereunder."

It is noticed, of course, that the witness did not decline to answer any questions whatsoever. He did however, refuse to disclose the whereabouts of the husband, Ferguson. The government says that the questions which were answered, that is, those pertaining to whether Ferguson was alive, were questions that could be answered pursuant to the statute and the regulations. The point is that testimony that Ferguson is living precludes payment of Social Security Benefits, but his whereabouts have no bearing whatsoever on Social Security Benefits, and such information, says the administration, is confidential

and may not be disclosed in court or to a private person. Mrs. Ferguson is unquestionably a prospective claimant for benefits. She must prove her husband to be dead in order to collect. The testimony of Mengel has defeated her prospects of collecting. The government will not assist her, however, in locating her husband by revealing his whereabouts. It appears that Section 401.3(g) (3) authorizes the disclosure of the whereabouts only to officers and employees of an agency of a state government charged with the administrations of a program receiving grants-in-aid under Title 4 of the Social Security Act. Under that Section, the whereabouts of a deserting parent of a child eligible for aid to dependent children may be disclosed only to employees of the state. This is not the situation here.

 It is not for this court to make rules for the Social Security Administration. It is an instance where, no doubt, the wife should be assisted in getting the information as to her husband's whereabouts, but it appears that that must be done through a state inquiry as provided in the statute. What is before this court to decide is whether or not Mengel was guilty of contempt in declining to answer the question as to Ferguson's whereabouts. Generally speaking contempt of court may be defined as a disobedience to the court by acting in opposition to its authority, justice and dignity. (17 C.J.S. Contempt § 2). In his argument before this court, F. Joseph Thomas, Esq., attorney for Mrs. Ferguson, who put the questions to Mengel before the Orphans' Court, was careful and specific in stating that he believed Mengel was acting in good faith and in accordance with his instructions in declining to answer the questions put to him. Thus, immediately the witness was not guilty of any contumacious conduct. It appears that the witness was respectful in his attitude and in his bearing while on the witness stand.

Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846 (1900) and U. S. ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), both decisions in the Supreme Court of the United States, throw considerable light on what this decision should be. In each of those cases, a subordinate employee was held justified in refusing to disclose or produce certain information because his department regulations prevented it. Mr. Justice Harlan, in Boske v. Comingore, supra, 177 U.S. at page 470, 20 S.Ct. at page 706 stated:

"In our opinion the Secretary, under the regulations as to the custody, use, and preservation of the records, papers, and property appertaining to the business of his department, may take from a subordinate, such as a collector, all discretion as to permitting the records in his custody to be used for any other purpose than the collection of the revenue, and reserve for his own determination all matters of that character."

Compare also the Appeal of United States Securities & Exchange Commission, 226 F.2d 501, (C.A.6th, 1955) where it was held that even if the general counsel of the Securities & Exchange Commission was in error in his interpretation of the law and regulations upon which he based his refusal to produce Securities & Exchange Commission records to the court, it was not a proper situation in which to hold him in contempt of court. The court said, at page 520:

"An attorney is entitled to consideration of a claimed privilege not to disclose information which he honestly regards as confidential and should not stand in danger of imprisonment for asserting * * * what *he considers to be lawful rights.*" (Emphasis supplied)

Under the circumstances presented, as they appeared at the state court hearing, Mengel is supported by the statute in his refusal to answer. And further, he respectfully declined to answer as he was required to do under the statute. Mr. Thomas stated in court at the argument:

"I think I should say in fairness to Mr. Mengel, that this was nothing malicious on his part. He felt that he was doing what his superiors told him to do under the sections of law which are now at issue before the court."

The conclusion must be that the evidence does not show Mengel guilty of contempt. For the reasons stated he is found to be free from contempt and an appropriate order will be entered.

This opinion is regarded as comprising the findings of fact and conclusions of law.