478

*Paul Friedman*, for the petitioners.
*Charles M. Costenbader*, for the respondent.

ATKINS, *Judge:* The respondent determined a deficiency in income tax for the petitioners' taxable year 1960 in the amount of $1,716.04 and determined an addition to tax of $85.80 under section 6653(a) of the Internal Revenue Code of 1954. By an amendment to his answer the respondent has asserted an increased deficiency in income tax and a corresponding increased addition to tax under section 6653(a). The issues are: (1) Whether the petitioners, one of whom is the remainderman of two testamentary trusts which terminated in 1956, may carry over to and deduct on their Federal joint income tax return for the taxable year 1960 an unused capital loss carryover of the trusts which arose as a result of net capital losses sustained by the trusts in 1955; and (2) whether the petitioners are liable for additions to tax for the taxable year 1960 on account of negligence or intentional disregard of rules and regulations.

FINDINGS OF FACT

Most of the facts have been stipulated and are incorporated herein by this reference.

The petitioners, husband and wife, are residents of New York City. They filed their joint Federal income tax return for the taxable year 1960 with the district director of internal revenue, Manhattan, N.Y.

The petitioner, Annette Dorfman, was the sole remainderman under two testamentary trusts, referred to as trust No. 117204 and trust No. 117438. Trust No. 117204 was created under the last will and testament of Jesse Winburn which provided that the income of such trust was payable to Ida Schnitzer for her life and then the principal was payable absolutely to the petitioner, Annette Dorfman. Trust No. 117438 was created under the last will and testament of Michael Winburn which provided that the income of such trust was payable to Ida Schnitzer for her life and then the principal was payable absolutely to the petitioner, Annette Dorfman. The life tenant, Ida Schnitzer, died on December 22, 1955, and the petitioner Annette Dorfman was entitled to the entire corpus of both trusts pursuant to the provisions of the instruments creating both trusts.

The trustee of trusts Nos. 117204 and 117438 distributed all of the trusts' assets to Annette Dorfman on August 3, 1956, and November 8, 1956, respectively, and the trusts were terminated in 1956 after the assets were distributed. On April 12, 1957, the trusts filed final fiduciary income tax returns (Forms 1041) for the taxable year 1956. Trust No. 117204 reported gross income of $2,148.57 and total deductions of $3,606.58. Trust No. 117438 reported gross income of $19,948.66 and total deductions of $32,197.82.

At their termination the trusts had unused capital loss carryovers, resulting from capital losses sustained in the years indicated, as follows:

| Year | Trust No. 117204 | Trust No. 117438 | Total |
|---|---|---|---|
| 1952 | | $41.81 | $41.81 |
| 1953 | $465.32 | 92.41 | 557.73 |
| 1954 | | | |
| 1955 | 20.60 | 71,981.89 | 72,002.49 |
| 1956 | | 819.37 | 819.37 |
| Total | 485.92 | 72,935.48 | 73,421.40 |

During the taxable year 1956 the petitioners realized current capital losses which were $21,007.59 in excess of current capital gains. During the taxable years 1957, 1958, and 1959 the petitioners realized current capital gains which were in excess of current capital losses to the extent of $19,229.59, $28,244.27, and $13,714.49, respectively. During

each of the years 1956 to 1960, inclusive, the petitioners had taxable income as defined by section 1211(b) of the 1954 Code in excess of $1,000.

In their Federal income tax return for the taxable year 1960 the petitioners reported net capital gains of $26,789.15. In such returns they claimed a capital loss carryover deduction of $27,789.15 which included the unused portion of the trusts' net capital loss sustained in 1955. In the notice of deficiency the respondent determined that the carryover of the capital losses was not fully allowable, stating:

It is determined that the deduction claimed in the amount of $7,413.68 for the unabsorbed portion of a capital loss carryover incurred by two testamentary trusts in the year 1955 may not be allowed on your return for the year ended December 31, 1960, in accordance with the provisions of Section 642(h) and other provisions of the Internal Revenue Code of 1954. * * *

The respondent also determined, in the notice of deficiency, additions to tax under section 6653(a) of the Code. In an amendment to his answer, the respondent asserted an increase in the income tax deficiency by reason of a recomputation of the petitioners' capital loss carryover from the year 1956 which resulted in a decrease of $1,000 in such carryover to the taxable year 1960, and he also asserted a corresponding increase in the addition to tax. The petitioners concede the correctness of this $1,000 adjustment with respect to the 1956 capital loss carryover, but they claim that if the capital loss carryover from 1955 is allowable in full there will be no income tax deficiency despite the decrease in the capital loss carryover from 1956.

OPINION

The parties agree that under the provisions of section 642(h) of the Internal Revenue Code of 1954,[1] and subject to the limitations of section 1212 of the Code,[2] the petitioner Annette Dorfman, as sole remainderman of the trusts, is entitled to claim on her returns any capital loss carryovers of the trusts remaining unused by the trusts on their termination. However, the respondent determined that she is not entitled to carry over to her taxable year 1960 the trusts' unused capital loss carryovers from their taxable year 1955. He relies upon

[1] Sec. 642(h) of the Code provides, in part, as follows:
UNUSED LOSS CARRYOVERS AND EXCESS DEDUCTIONS ON TERMINATION AVAILABLE TO BENEFICIARIES.—If on the termination of an estate or trust, the estate or trust has—
(1) a net operating loss carryover under section 172 or a capital loss carryover under section 1212, or
*　　*　　*　　*　　*　　*　　*
then such carryover or such excess shall be allowed as a deduction, in accordance with regulations prescribed by the Secretary or his delegate, to the beneficiaries succeeding to the property of the estate or trust.
[2] During the period involved herein, sec. 1212 provided, in part, as follows:
If for any taxable year the taxpayer has a net capital loss, the amount thereof shall be a short-term capital loss in each of the 5 succeeding taxable years to the extent that such amount exceeds the total of any net capital gains of any taxable years intervening between the taxable year in which the net capital loss arose and such succeeding taxable year. * * *

section 1.642(h)–1 of the Income Tax Regulations [3] which then provided that the year in which a trust is terminated and the taxable year of the beneficiary in which or with which the trust terminated each constitutes a taxable year for the purpose of computing the 5-year carryover period prescribed by section 1212. It is therefore his position that the trusts' capital loss carryovers from 1955 were available to the petitioners only in their taxable years 1956, 1957, 1958, and 1959.

The petitioners admit that the regulation relied upon by the respondent would deny them the 1955 carryovers to their taxable year 1960, but contend that such regulation is invalid as being unreasonable and inconsistent with the intent of Congress. The petitioners make no contention that their taxable year 1956 should not be counted among the 5 taxable years to which the capital losses may be carried over. It is their position that the term "taxable years" as used in section 1212 must mean years during which a taxpayer can conceivably have taxable income; that after December 22, 1955 (the date of the death of the life beneficiary of the trusts), the income of the trusts and the excess of their capital gains over their capital losses became distributable and deductible and hence the trusts could not have any taxable income; [4] that therefore in 1956 the trusts could not benefit from their capital loss carryovers; and that hence it is unreasonable and inequitable to count such year of the trusts as a taxable year for capital loss carryover purposes. They also stress the fact that section 642(h) was enacted to remedy an inequity, and that therefore it should be liberally construed in favor of taxpayers.

Section 642(h) of the Code was enacted in 1954. There was no com-

---

[3] During the years involved herein sec. 1.642(h)–1 of the regulations provided, in part, as follows:

(a) If, on the final termination of an estate or trust, a net operating loss carryover under section 172 or a capital loss carryover under section 1212 would be allowable to the estate or trust in a taxable year subsequent to the taxable year of termination but for the termination, the carryover or carryovers are allowed under section 642(h)(1) to the beneficiaries succeeding to the property of the estate or trust. * * *

\*       \*       \*       \*       \*       \*       \*

(b) The net operating loss carryover and the capital loss carryover are the same in the hands of a beneficiary as in the estate or trust and are taken into account in computing both taxable income and adjusted gross income. *The first taxable year of the beneficiary to which the loss shall be carried over is the taxable year of the beneficiary in which or with which the estate or trust terminates. However, the last taxable year of the estate or trust (whether or not a short taxable year) and the first taxable year of the beneficiary to which a loss is carried over each constitute a taxable year for purposes of determining the number of years to which a loss may be carried over.* For example: A trust distributes all of its assets to A, the sole remainderman, and terminates on December 31, 1954, when it has a capital loss carryover of $10,000 attributable to transactions during the taxable year 1952. A, who reports on the calendar year basis, otherwise has ordinary income of $10,000 and capital gains of $4,000 for the taxable year 1954. A would offset his capital gains of $4,000 against the capital loss of the trust and in addition, deduct under section 1211(b) $1,000 on his return for the taxable year 1954. The balance of the capital loss carryover of $5,000 may be carried over only to the years 1955 and 1956. * * * [Emphasis supplied.]

[4] They refer to sec. 661 of the Code and sec. 1.641(b)–3(c)(2) of the Income Tax Regulations.

parable provision in prior law. With respect to the new provision, H. Rept. No. 1337, 83d Cong., 2d Sess., p. A201 states:

Under subsection (d) [the provision was in sec. 662(d) of the House bill] any unused net operating loss carryover, capital loss carryover, or deductions in excess of gross income (other than deductions for distributions allowed under section 661 or the deduction for personal exemption under section 642(b)) upon the termination of an estate or trust are made available, in accordance with regulations, to the beneficiaries or remaindermen succeeding to the property. Under existing law, these unused loss carryovers are lost when the estate or trust terminates. (Cf. *Charles Neave*, 17 T.C. 1237.)

It is clear, therefore, that section 642(h) constituted remedial legislation. However, in such section Congress specifically provided that an unused capital loss carryover of a trust should be allowed as a deduction to the beneficiaries of the trust in accordance with regulations to be prescribed by the Secretary or his delegate. Section 1.642(h)–1 of the Income Tax Regulations was promulgated pursuant to such specific authority granted by Congress.

The Supreme Court has held that Treasury regulations must be sustained unless unreasonable or plainly inconsistent with the statute, and that where the statute specifically provides that a particular provision is made dependent upon regulations to be issued this "gives added reasons why * * * regulations * * * should not be overruled by the courts unless clearly contrary to the will of Congress." *Commissioner* v. *South Texas Co.*, 333 U.S. 496. See also *Fawcus Machine Co.* v. *United States*, 282 U.S. 375, and *Boske* v. *Comingore*, 177 U.S. 459.

We have given careful consideration to the contentions made by the petitioners, but cannot conclude, from a perusal of the pertinent provisions of the Internal Revenue Code and the legislative history of section 642(h), that the regulation in question is unreasonable or clearly contrary to the will of Congress. We find no provision in the Code which would limit the term "taxable year" to a year or fractional part thereof in which an entity may have taxable income, as contended by the petitioners. The Code defines the term "taxable year" to mean the calendar year or the fiscal year upon the basis of which taxable income is computed or, in the case of a return made for a fractional part of a year, the period for which such return is made. Secs. 441 and 7701(a)(23). Section 443 provides that a return for a period of less than 12 months shall be made when the taxpayer is in existence during only part of what would otherwise be his taxable year. The regulation in question cannot be considered unreasonable in the light of these provisions of the Code.

In the instant case the trusts did not distribute their assets until 1956 and therefore, did not terminate as entities for tax purposes until 1956. See sec. 1.641(b)–3, Income Tax Regs.; S. Rept. No. 1622, 83d

Cong., 2d Sess., p. 340; and H. Rept. No. 1337, 83d Cong., 2d Sess., p. A191; all of which state that the determination of whether a trust has terminated for tax purposes depends upon whether the property held in trust has been distributed. See also *Mary C. Westphal*, 37 T.C. 340. We think there can be no question that the year 1956, or a fractional part thereof, constituted a taxable year of the trusts for the purpose of the carryover provisions of section 1212 and the application of section 642(h).[5] Accordingly, we hold that the respondent did not err in determining that the petitioners are not entitled to carry over to their taxable year 1960 any part of the trusts' 1955 capital loss carryovers, since such taxable year 1960 is the sixth, rather than the fifth, taxable year succeeding the trusts' taxable year 1955.

The petitioners adduced no evidence with respect to the issue of the addition to tax under section 6653(a) of the Code, and have not argued such issue on brief. Under the circumstances the decision on this issue must be for the respondent.

*Decision will be entered under Rule 50.*

---

[5] It may be noted that sec. 1212 was amended, effective Jan. 1, 1964, to grant unlimited time to taxpayers, other than corporations, to absorb capital losses. Corresponding amendments were made to sec. 1.642(h)–1 of the Income Tax Regulations by T.D. 6828, 1965–2 C.B. 264 (June 16, 1965).