SIGEL G. ROUSH, D.D.S., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent SIGEL AND FRANCES ROUSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roush v. Commissioner
Docket Nos. 7659-76, 7663-76.
United States Tax Court
T.C. Memo 1978-115; 1978 Tax Ct. Memo LEXIS 403; 37 T.C.M. (CCH) 518; T.C.M. (RIA) 780115; March 22, 1978, Filed David M. Buda, for the petitioners. Andrew M. Winkler, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined the following deficiencies and additions to tax in petitioners Sigel and Frances Roush's Federal income tax: Addition to Tax
Sec. 6653(a) Taxable Year Ended
Deficiency
I.R.C. 1954
December 31, 1972
$2,582.57
$129.13
December 31, 1973
2,362.95
118.15
Total
$4,945.52
$247.28
and in petitioner Sigel G. Roush, D.D.S., Inc.'s Federal corporate income *405 tax: Additions to Tax
Sec. 6651(a)
Sec. 6653(a) Taxable Year Ended
Deficiency
I.R.C. 1954
I.R.C. 1954
November 30, 1972
$ 732.84
$109.93
$ 41.60
November 30, 1973
1,218.31
0
60.92
Total
$1,951.15
$109.93
$102.52
Certain concessions having been made, the issues remaining are: (1) whether petitioner Sigel G. Roush, D.D.S., Inc., may take automobile expense deductions for 1972 and 1973 in excess of those allowed by respondent; (2) whether petitioners Sigel and Frances Roush may take depreciation deductions for their automobiles for 1972 and 1973; (3) whether the corporate petitioner may take entertainment expense deductions in excess of those allowed by respondent; (4) whether the amounts disallowed as automobile and entertainment expense deductions to the corporation are includable in the individual petitioners' income as dividends; and (5) whether petitioners are liable for the 5 percent addition to tax under section 6653(a) [1] for their respective 1972 and 1973 tax years. FINDINGS OF FACT Some of the facts have *406 been stipulated and are so found. Petitioners Sigel and Frances Roush resided in Newark, Ohio, when they filed their petition. Petitioners filed their joint Federal income tax returns for 1972 and 1973 with the District Director of Internal Revenue in Cincinnati, Ohio. Petitioner Sigel G. Roush, D.D.S., Inc., is an Ohio corporation; when it filed its petition, petitioner's principal place of business was located in Newark, Ohio. Petitioner filed its Federal corporate income tax returns for the taxable years ending November 30, 1972, and November 30, 1973, with the District Director of Internal Revenue in Cincinnati, Ohio. Petitioner Sigel Roush (Dr. Roush) is a dentist. During the taxable years in issue, he operated his dental practice in the corporate form of Sigel G. Roush, D.D.S., Inc. (the corporation). During its taxable years ending November 30, 1972, and November 30, 1973, the corporation leased successively two automobiles from Dr. Roush. The first automobile, a 1971 Pontiac Convertible, was leased for $147 per month ($3,528 for a 24-month term) until it was traded by Dr. Roush for the second automobile, a 1972 Lincoln Continental. The Lincoln was then leased *407 by the corporation for $285.57 per month ($6,853.68 for a 24-month term). Both leases provided the lessee corporation with an option to purchase the automobile or release it for purchase at the end of the term of the lease for its wholesale book value. The automobiles each were used exclusively by the Roushes. Petitioners maintained a logbook of their use of the cars during the corporate taxable years in issue. The parties have stipulated the following to be an accurate catalogue of that logbook: Tax Year
Tax Year
Ended
Ended Mileage Item
11/30/72
11/30/73
1. Miles driven between residence
and dental office
1,261
1,296
2. Miles driven by Frances Roush,
locally, and between Columbus,
Ohio, for medical treatment for
herself and for her children
2,136
1,255
3. Miles driven by Frances Roush
for attendance at "Twig" meetings
152
136
4.Miles driven for banking and
miles driven by Sigel Roush for
attendance at seminars and for
attendance at meetings with his
accountant
165
617
Total of mileage recorded in logs
3,714
3,304
The corporation claimed automobile expense deductions on its Federal corporate income tax returns for *408 the two automobiles as follows: Year Ended
Year Ended Item
11/30/72
11/30/73
Lease payments to Sigel Roush
$2,318.28
$3,426.84
Gasoline, oil, insurance and
repairs
480.58
648.90
$2,798.86
$4,075.74 Respondent allowed the corporation a deduction in each taxable year only for the mileage shown on items 2 and 4, above, computed on the basis of 12 cents per mile. [2] The rest of the above deductions claimed by the corporation were disallowed and treated as dividend income to the Roushes. Thus, after crediting the Roushes with the amounts of rental income which they reported from the auto leases, respondent determined additional dividend income to petitioners of $204.46 for 1972 and $424.26 for 1973. It has been stipulated that the odometer of the Lincoln Continental read as follows: Date
Mileage
August 1, 1972
0
December 31, 1972
9,732
December 31, 1973
29,096 But petitioners were unable to establish the total mileage of the Pontiac *409 for the years in issue. Dr. Roush did not record all of the business mileage for his cars on the log which he maintained. However, the extent of the unrecorded mileage was not established. Dr. Roush used his car to get lunches for his employees and to deliver mail to the post office. The actual number of miles so driven is uncertain, nor is Dr. Roush's failure to keep a record of it in his logbook explained. The car was also used for personal matters such as vacations, but no records were kept of the personal mileage.
With respect to the claimed deduction for the expense of commuting between Dr. Roush's office and home, the following facts are established. Dr. Roush would carry home record sheets of daily office transactions each night. Mrs. Roush would record the information into a logbook, which was then sent to petitioners' accountant. How much time his wife devoted to her corporate bookkeeping is not established, but she performed substantially all of her bookkeeping at home. Finally, petitioner offered no explanation for the deductions taken for trips by Mrs. Roush to attend "Twig" meetings. On their individual income tax returns, petitioners took depreciation *410 deductions for the automobiles. Respondent disallowed those deductions as well. Petitioners did not introduce any evidence at trial to establish their reason for acquiring and leasing the automobiles, other than Dr. Roush's general testimony about the extent of his business and personal use of the cars. Respondent has also disallowed $808.35 and $1,686.68 of deductions claimed by the corporation for entertainment expenses for its taxable years ending in 1972 and 1973, respectively. Those amounts were included by respondent in the Roushes' income for 1972 and 1973 as dividend income constructively received from the corporation during those years. The deductions represent expenditures made by the Roushes for parties given by them for friends, which were reimbursed by the corporation. Generally, the parties were given for the Roushes' personal enjoyment, though Dr. Roush also hoped to generate goodwill for his dental practice by giving the parties. One of the parties for which a deduction was taken was a birthday party, and another was a party for college friends of petitioners' daughter. Although most of the expenditures were directly related to the cost of those parties, *411 there were several bills for gasoline which were deducted by the corporation as entertainment expenses. Dr. Roush was unable to explain why those bills were so deducted. On another occasion, the corporation deducted the cost of a luncheon for Mrs. Roush and one of her friends. There was no explanation for treating that as a deductible item by the corporation. OPINION The first issue is whether the petitioner corporation may take automobile expense deductions in excess of those allowed by respondent. It is well established that where corporate property is used by a stockholder or member of his family for personal purposes, not proximately related to the corporate business, the corporation is not entitled to deductions to the extent that they relate to such personal use, and the fair "rental" value of such property is includable in the stockholder's income. Whipple Chrysler-Plymouth v. Commissioner,T.C. Memo. 1972-55 and cases cited therein. Respondent determined that the business use of the car was only 2,301 miles for the corporate taxable year ending November 30, 1972, and 1,872 miles for its taxable year ending November 30, 1973. Respondent thus allowed *412 automobile expense deductions at 12 cents per mile and disallowed the excess claimed by petitioner. The burden of proving respondent's determination to be incorrect is on petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure. Basically, respondent allowed only a part of the recorded business mileage. Petitioner argues that there is some unrecorded business mileage for which it should be given credit. Most of that mileage is attributed to trips made by Dr. Roush to obtain lunches for himself and three other corporate employees. The rest is attributed to trips made by Dr. Roush to the post office on his way home from work. Unless otherwise provided, no deduction is allowed for personal, living, or family expenses. Section 262. Thus a taxpayer ordinarily may not deduct the cost of transportation incurred while obtaining meals. See also section 1.262-1(b)(5), Income Tax Regs. Petitioners argue, however, that because Dr. Roush made the trips on behalf of corporate employees, the mileage was business related. We agree. Apparently, the employees were required to remain in their office during lunch hours. Regardless of who paid for the lunches, the use of the corporate *413 automobile to obtain the lunches is an ordinary and necessary business expense. See section 162(a). Nevertheless, petitioner has failed to establish the amount of such mileage. As best we can approximate, the business mileage in this regard was 200 miles per year, and we allow that amount in excess of respondent's determination of business mileage for those years. Cf. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). With respect to trips to the post office, we think petitioner has failed to meet his burden of proof. We are unable to determine from the record how often those trips were made and how many miles were so driven. Moreover, petitioner has failed to establish that any of the purported trips were ordinary and necessary within the meaning of section 162(a). We presume that petitioner received regular mail service from the United States Postal Service, and petitioner has given no explanation of its need to make such trips when regular postal service was available to it. In any event, we think that any mileage so incurred was minimal at best. We also uphold respondent's disallowance of part of the recorded mileage. The miles driven between Dr. Roush's *414 residence and his office are nondeductible commuting expenses. See, e.g., section 1.262-1(b)(5), Income Tax Regs. Although he may have carried business papers home each night, the cost of the commuting still remains nondeductible. There were no additional transportation expenses incurred because Dr. Roush carried home those papers. See Fausner v. Commissioner, 413 U.S. 838 (1973). The miles driven by Mrs. Roush to attend "Twig" meetings are also personal in nature. Petitioner has failed to establish any business reason for those trips, and we have no idea what "Twig" meetings are. Therefore, we determine the correct business use of the cars by petitioner to be 2,501 miles for its taxable year ending November 30, 1972, and 2,072 miles for its taxable year ending November 30, 1973. Because petitioner has offered no other proof concerning the allocation of the automobile expenses -- we are unable to ascertain the total mileage for the cars -- we uphold respondent's allowance of business mileage at the rate of 12 cents per mile. The second issue is whether petitioners Sigel and Frances Roush may take depreciation deductions for their automobiles for 1972 and 1973. *415 A depreciation deduction is generally allowable for the exhaustion or wear and tear of property used in a trade or business or property held for the production of income.Section 167(a). Petitioners offered no evidence at trial to prove that the cars were used in their trade or business.Rather, the cars were leased to the corporation and partly used in its trade or business. Dr. Roush has not established that he is in the trade or business of auto leasing, nor has he argued such in his briefs. Moreover, petitioners have failed to establish that they actually held the cars primarily for the production of income. This is mainly a question of fact which depends largely upon the taxpayers' intent. International Trading Co. v. Commissioner,275 F.2d 578, 586 (7th Cir. 1960), affg. a Memorandum Opinion of this Court. Again, the burden of proof is on petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners leased the cars to their corporation. As best we can determine, the total lease payments approximately equaled the cost of the cars to petitioners. We do not think that petitioners held the cars primarily for the production of income. *416 Rather, they were held primarily for petitioners' personal benefit and use. As previously noted, we have found business use of the cars of 2,501 miles for 1972 and 2,072 miles for 1973. The rest of the mileage on those cars is personal. Although we do not have a definite estimate of the total mileage put on those cars in 1972 and 1973, Dr. Roush testified that he probably drove the cars at least 15,000 miles per year. In relation to total mileage, the business use of the cars was certainly small. Thus petitioners may not take depreciation deductions for the cars. See International Trading Co. v. Commissioner,supra at 587. Petitioners have alternatively asked for an allocation of depreciation to the extent that we allow a deduction to the corporation for the business related use of the cars. However, petitioners have failed to establish the predicate upon which any depreciation deduction, whether allocated between personal and business use or allowed in full, would be allowed. Before any depreciation deduction may be taken, petitioners must prove that the property to be depreciated was used in their trade or business or held by them for the production *417 of income. Section 167(a). This they have failed to do. Consequently, we must uphold respondent's disallowance of the individual petitioners' depreciation deductions for 1972 and 1973. The third issue is whether the corporate petitioner may take entertainment expense deductions in excess of those allowed by respondent. Respondent contends that the amounts involved are nondeductible under sections 162 and 274. Petitioner contends that the amounts are deductible, and in any event, "this Court has the discretion to approximate the actual business usage involved in this type of expense." Section 162(a) allows as a deduction the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Before entertainment expenses may be deducted under section 162(a), however, section 274(a)(1)(A) requires that the entertainment activity be directly related to the active conduct of the taxpayer's trade or business. We think petitioner has failed to prove that the parties and luncheon engagements, for which deductions have been disallowed, were directly related to the active conduct of its trade or business. Petitioner's trade or business *418 is dentistry. Petitioner argues that the parties and luncheons, which were given for clients and friends of Dr. and Mrs. Roush, promoted the goodwill of the corporate business and, therefore, are deductible. Goodwill may be considered an element of any professional occupation. Nevertheless, it does not follow that all activities promoting goodwill, however indirectly, are therefore deductible. Again, section 274(a)(1)(A) specifically requires that the entertainment activity be directly related to the active conduct of petitioner's trade or business. This means that when it made the entertainment expenditure, petitioner must have had more than a general expectation of deriving some income or other specific trade or business benefit (other than goodwill of the persons entertained) at some indefinite future time. Section 1.274-2(c)(3)(i), Income Tax Regs.
Petitioner's parties and luncheons were not directly related to the active conduct of its trade or business. Rather, they may be considered only to benefit indirectly its dental practice.Dr. Roush testified that he rarely spoke of dentistry at the parties. And he never suggested that he had more than a general expectation *419 of deriving some business benefit from the parties. Moreover, some of the parties and luncheons are not even remotely business related. The birthday party and the party for petitioners' daughter's college friends, both of which were deducted by the corporate petitioner, cannot be considered deductible by any stretch of the imagination; nor do we find any reason for deducting the luncheon of Mrs. Roush and one of her friends. Therefore, respondent's determination disallowing entertainment expenses is upheld. Petitioner's request that this Court apply the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), to approximate deductible entertainment expenses is inappropriate. First, the Cohan rule allows us to approximate business expenses where the taxpayer has failed to maintain adequate records of its business expenditures. The deductions disallowed here are disallowed, not because of inadequate records, but because they are not directly related to the active conduct of petitioner's trade or business. Thus the Cohan rule would not be helpful here. In any case, however, Cohan has been overruled with respect to entertainment expenses. Sanford v. Commissioner,50 T.C. 823, 828 (1968), *420 affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969); see sec. 274(d). The fourth issue is whether the amounts disallowed as automobile and entertainment expenses to the corporation are includable in the individual petitioners' income as dividends. Respondent contends that the entertainment expenditures made for Dr. and Mrs. Roush's personal benefit and the fair rental value of the corporate automobiles, to the extent of their personal use, are taxanle dividend distributions to petitioners. After crediting the Roushes with the amount of rental income received for the lease of their cars, which was previously included by them in income, respondent determined that they received dividend income of $1,012.81 for 1972 and $2,041.60 for 1973. Respondent contends simply that petitioners have failed to overcome the presumptive correctness of this determination. Generally, the personal use of corporate property by a shareholder and expenditures made by a corporation for the personal benefit of a shareholder are constructive distributions to the shareholder in amounts equal to the fair value of the benefits involved. Nicholls, North, Buse Co. v. Commissioner,56 T.C. 1225, 1238 (1971); *421 Challenge Manufacturing Co. v. Commissioner,37 T.C. 650, 663 (1962); see, International Artists, Ltd. v. Commissioner,55 T.C. 94 (1970). See generally Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders at p. 7-30, n. 59 (3d ed. 1971). Petitioners do not contest this, but merely request this Court to abate the constructive dividend by the amounts which we may find to be deductible by the corporation in excess of that allowed by respondent. Respondent points out, however, that for 1973, corporate expenses must be increased by more than $69.34 before there would be any reduction in dividends to the Roushes. This is because respondent has determined that corporate earnings and profits available for the payment of taxable dividends in 1973 were short by that amount. See section 301(c)(1). Petitioner has raised no argument over respondent's determination of corporate earnings and profits. Thus respondent's determination of the tax consequences of corporate distributions for 1972 and 1973 will be upheld. See Rule 142(a), Tax Court Rules of Practice and Procedure. However, because we have found some minor extra business *422 use of the corporate automobiles by petitioners, a a reduction of the constructive distributions in that amount is appropriate. We rely on the parties to compute both the amount of that reduction and the extent to which it will either reduce taxable dividends or merely increase petitioner's basis in his corporate stock. The final issue is whether petitioners are liable for the 5 percent addition to tax under section 6653(a) for their respective 1972 and 1973 tax years. Section 6653(a) imposes a 5 percent addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of respondent's rules and regulations.Respondent's determination of negligence or intentional disregard is presumptively correct. See, e.g., Dorfman v. Commissioner,48 T.C. 478, 483 (1967); Schroeder v. Commissioner,40 T.C. 30, 34 (1963). Thus petitioners have the burden of proving that the imposition of the addition to tax was erroneous. We think that petitioners have failed to meet their burden. The parties did not address themselves to this issue at trial, and no evidence was presented contradicting respondent's determination. Furthermore, *423 the record clearly supports respondent's determination of negligence. For example, the petitioners' returns for 1972 and 1973 reflected a 100 percent business usage of the cars; yet Dr. Roush testified that the cars were used for personal matters, such as vacations. Moreover, we find petitioners' deductions for a birthday party and a party for the Roushes' daughter's college friends to be unjustifiable. The same can be said for their deduction of a luncheon with Mrs. Roush and one of her friends. We fail to see any business purpose for such expenditures, and we think this should be obvious to even the most unsophisticated taxpayer. Decisions will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Respondent apparently allowed a deduction for the mileage on item 2 based on the corporate petitioner's resolution to pay all expenses for the medical care of Dr. Roush or his dependents.↩