GOSSNELL et al. v. SPANG et al.

No. 6063.

Circuit Court of Appeals, Third Circuit.

June 2, 1936.

Rehearing Denied Aug. 12, 1936.

890

Charles E. Wyzanski, Jr., Sp. Asst. to Atty. Gen., Harry W. Blair, Asst. Atty. Gen., Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., Aubrey Lawrence, Sp. Asst. to Atty. Gen., and William E. Linden, of Washington, D. C., and Harry B. Wirin, for appellants.

H. Eugene Gardner, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Benjamin J. Spang, a disabled and honorably discharged soldier, who, however, was not a registered relief person, filed a bill in equity against certain employees of the Department of Commerce of the United States alleging that he and his fellows were "being denied the preference to which they were entitled under the law, and personnel for such positions is being recruited from Federal Relief Rolls," and praying they "be enjoined from employing and from compensating any personnel for project of the United States Government known as Business Census of the United States to be taken under and by virtue of provisions contained in the Federal Emergency Relief Act of 1933 and its supplements [15 U.S. C.A. § 721, et seq.] and the Emergency Relief Appropriation Act of 1935 [15 U.S. C.A. § 728 note] in disregard of statutes of the United States, in disregard of opinion of the United States Attorney General and in disregard of civil service rules."

The case was heard on the motion of the defendants to dismiss and the plaintiff's motion for a preliminary injunction and in pursuance to its opinion (13 F.Supp. 840), the court refused to dismiss and granted an injunction forbidding the defendants "from denying * * * to the plaintiff and other honorably discharged soldiers, sailors and marines, who are qualified * * * preference of employment to clerical and other positions incident to the furtherance of said Business Census Project."

Passing by all questions of lack of parties, of equitable jurisdiction of the court below, and of constitutionality, we note that the underlying and decisive question here involved is whether the Act of. July 11, 1919, § 1, 41 Stat. 37 (5 U.S.C.A. § 35), giving soldiers a preference, which provides, "In making appointments to clerical and other positions in the executive branch of the Government in the District of Columbia or elsewhere preference shall be given to honorably discharged soldiers, sailors, and marines, and widows of such and to the wives of injured soldiers, sailors and marines who themselves are not qualified, but whose wives are qualified to hold such positions," applied to the so-called Business Census Act of 1935, under which defendants are acting in refusing a soldier preference.

After due consideration had, we are of opinion it did not. We regard that question as conclusively settled by what took place when the Act of 1935 was being considered by the Congress, viz.:

"Congressional Record
"Vol. 79, Page 2122, No. 32.

"Mr. Metcalf submitted an amendment intended to be proposed by him to the joint resolution (H.J.Res. 117) making appropriations for relief purposes, which was ordered to lie on the table and to be printed, as follows:

"On Page 5, after line 17, add the following new proviso: 'Provided, That in the employment of all officials and employees paid from funds appropriated by this resolution preference shall be given, where they are qualified, to ex-service men.'

"Congressional Record
"Vol. 79, Page 4108, No. 55

"Mr. Metcalf. Mr. President, I offer the amendment which I send to the desk to be inserted at the proper place in the joint resolution.

"The Vice President. The clerk will state the proposed amendment.

"The Chief Clerk. At the proper place, it is proposed to insert the following:

"Provided, That in the employment of all officials and employees paid from funds appropriated by this joint resolution, preference shall be given, where they are qualified, to ex-service men.

"Mr. Hayden. Mr. President, it is with great hesitation that I say a word in op-

position to this amendment. The Senator from Rhode Island has offered a proposal to give preference to veterans. The fact is, as I think upon reflection the Senator will recognize, that the amendment is improper. The joint resolution is designed to take care of three and a half million men unemployed. Among them are veterans. The amendment would destroy the purpose of the measure by giving preference to veterans, whether or not they were on relief. The joint resolution limits the benefits of the measure to persons on relief. The Senator from Rhode Island seeks to change that, and, under the amendment, whether a veteran were on relief or not, he would have a preference with respect to obtaining employment.

"Very properly, in the original Public Works Act we gave preference to veterans. That was a measure which took men from the ranks of the unemployed anywhere, and we provided that veterans should have preference, and they have been given preference. But here the distinction is whether or not a person is on relief. I think we would destroy the purpose of the joint resolution if we should agree to the amendment.

"Mr. Metcalf. Mr. President, I cannot see how the argument of the learned Senator from Arizona can apply. I see no reason why this amendment should not be agreed to and included in the joint resolution. I ask for a vote.

"Mr. Thomas of Oklahoma. Mr. President, in view of the fact that a moment ago the vote was almost taken upon the engrossment of the amendments to the joint resolution, and knowing of the efficiency of the Vice President in facilitating the passage of legislation, I desire to serve notice, and do serve notice, that when all the amendments proposed to the joint resolution shall have been acted on I shall endeavor to secure recognition to call up an amendment now upon the table, the amendment being in the form of title II, and proposing a plan for financing the enormous appropriation carried by the joint resolution.

"The Vice President. If the Vice President is in the chair at the time and the Senator from Oklahoma is upon his feet, he will recognize the Senator to present his amendment. The present occupant of the chair does not desire and will not undertake to prevent any Senator from offering any amendment to any measure before the Senate, but he does try to facilitate the passage of measures pending.

"Mr. Austin. Mr. President, I should like to call from the table and to offer an amendment which a short time ago I asked leave to present.

"The Vice President. An amendment is pending, the amendment offered by the Senator from Rhode Island.

"Mr. Metcalf. Mr. President, as my distinguished friend the Senator from Arizona seems to criticize the amendment proposed by me, I shall modify it by adding the words 'on relief' at the end of the proposed amendment, so that it will read 'preference shall be given, where they are qualified, to ex-service men on relief.'

"The Vice President. The question is on agreeing to the amendment offered by the Senator from Rhode Island, as modified. (Putting the question.) The noes seem to have it.

"Mr. McNary. I ask for a division.

"On a division, the amendment was rejected."

From this record it is clear that when the Act of 1935 was on passage, it was sought by the Metcalf amendment to give soldiers a preference in employment, and in opposition thereto it was stated by Mr. Hayden that "we would destroy the purpose of this joint resolution if we should agree to the amendment." Following this, the Metcalf amendment was defeated. Were this court to hold that the soldiers' preference applies to the Business Census Act of 1935, it would fly directly in the face of what the Congress meant and stated when that act was passed. It is for Congress to legislate in that regard and not for courts to nullify what Congress plainly stated and enacted.

In view of these considerations, we are constrained to differ from the court below and to hold the Act of July 11, 1919, gives to the plaintiff no preference. So holding, the decree below is vacated and the record remanded with instructions to dismiss the bill.