**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Richard L. BURNS and David L. Watt, Defendants.**

**Civ. No. 84–0454–JLI(M).**

United States District Court, S.D. California.

June 28, 1985.

Patricia G. Bell, Mitchell J. Albert, S.E.C., Los Angeles, Cal., for plaintiff.

Joseph J. Wheeler, Latham & Watkins, San Diego, Cal., for defendants.

## AMENDED MEMORANDUM DECISION AND ORDER DISMISSING COUNT V WITHOUT PREJUDICE

IRVING, District Judge.

### I.

### INTRODUCTION

This action was brought by the Securities and Exchange Commission seeking injunctive relief for alleged violations of the federal securities laws by Richard L. Burns and David W. Watt. Watt consented to the entry of a permanent injunction and the case has proceeded against Burns. Burns moves, pursuant to Fed.R.Civ.P. 56, for summary judgment on Count V of the complaint, which charges him with violations of Rule 10b–6, 17 C.F.R. § 240.10b–6 (1980). Count V alleges Burns induced other persons to purchase common stock of Nucorp Energy, Inc. ("Nucorp"), while a distribution of Nucorp common stock was in progress. At the time of the alleged inducement, Burns was Chairman of the Board of Directors and Chief Executive Officer of Nucorp.

### II.

### MOTION TO AMEND THE JUDGMENT

By memorandum decision and order entered September 7, 1984, this court granted Burns' motion for summary judgment. On September 17, 1984, the Commission moved to amend the judgment pursuant to Fed.R. Civ.P. 15(a), 59(e). Having considered the pleadings, memoranda, and oral argument of counsel, the court now finds the motion to amend should be granted.

In its motion to amend, the Commission seeks leave to amend its complaint to allege Burns acted with scienter when he allegedly violated Rule 10b–6. This motion is properly brought pursuant to Fed.R. Civ.P. 59(e). *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1419 (9th Cir.1984) (motion for reconsideration based upon grounds previously raised properly brought under Rule 59(e)); *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983) (Rule 59(e) motion proper to amend summary judgment). The Commission's motion was made on the tenth day after judgment was entered, and is timely. *See* Fed.R.Civ.P. 59(e), 6(a). A motion to amend the judgment is addressed to the discretion of the court. *Huff v. Metropolitan Life Insurance Co.,* 675 F.2d 119, 122 (6th Cir.1982); C. Wright & A. Miller, Federal Practice and Procedure § 2803. *See*

*Natural Resources, Inc. v. Wineberg,* 349 F.2d 685, 691 (9th Cir.1965), *cert. denied,* 382 U.S. 1010, 86 S.Ct. 617, 15 L.Ed.2d 525 (1966). For the reasons expressed *infra* at III. D. the court exercises its discretion to grant the motion to amend. The memorandum decision and order entered September 7, 1984, will be vacated, and this memorandum decision and order substituted in its place.

### III.

### MOTION FOR SUMMARY JUDGMENT

Burns moves for summary judgment on two grounds. First, Burns argues Rule 10b–6 does not apply to individual officers and directors of an issuer of a stock. Second, Burns argues Rule 10b–6 requires that scienter be proved as an element of the violation, and the Commission has not adequately alleged scienter. Having considered the pleadings, memoranda, and oral argument of counsel, the court finds Section 10(b) of the Securities Exchange Act of 1934 requires the Commission to plead and prove scienter in a Rule 10b–6 claim, and the Commission's complaint does not sufficiently allege scienter. The court further finds the Commission should be allowed to amend its complaint to allege scienter, and such amendment would not be fruitless, because Rule 10b–6, as it existed prior to amendment in 1983, applies to officers and directors of an issuer.

Section 10 of the Securities Exchange Act of 1934 provides in part:

It shall be unlawful for any person, directly or indirectly

.    .    .    .    .

(b) [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j.

Pursuant to its rulemaking power, the Commission has promulgated Rule 10b–6. Count V concerns acts that allegedly occurred during 1980. *See* Complaint ¶¶ 54–58, 75. During this period, Rule 10b–6 provided in part:

It shall constitute a manipulative device or contrivance as used in Section 10(b) of the [Securities Exchange] Act [of 1934] for any person,

.    .    .    .    .

who is the issuer or other person on whose behalf a distribution is being made,

.    .    .    .    .

to bid for or purchase for any account in which he has a beneficial interest, any security which is the subject of such distribution, or any security of the same class and series, or any right to purchase any such security or to attempt to induce any person to purchase any such security or right until after he has completed his participation. . . .

17 C.F.R. § 240.10b–6 (1980).

### A. SCIENTER

In his second ground Burns argues Section 10(b) of the 1934 Act requires proof of scienter, and therefore, Rule 10b–6 must also contain that requirement. The Supreme Court has held scienter must be shown to prove violations of Rule 10b–5 in an injunctive proceeding. *Aaron v. Securities and Exchange Commission,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980). *See also Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (scienter required in private action under Rule 10b–5). In *Aaron* and *Hochfelder,* the Court reasoned Section 10(b), by its language "manipulative or deceptive device," evidenced Congressional intent to proscribe only "knowing or intentional misconduct." *Aaron,* 446 U.S. at 690, 100 S.Ct. at 1952 (quoting *Hochfelder,* 425 U.S. at 197, 96 S.Ct. at 1383). In *Hochfelder* the Court stated that the statu-

tory language "so clearly connotes intentional misconduct" that "further inquiry may be unnecessary." 425 U.S. at 201, 96 S.Ct. at 1384. Nevertheless, the Court looked to the legislative history of the 1934 Act and found that this history supported the Court's reading of Section 10(b). 425 U.S. at 201–06, 96 S.Ct. at 1384–87.

Burns argues, and this court agrees, that the same reasoning should apply to the interpretation of Rule 10b–6. Because Rule 10b–6 and Rule 10b–5 derive from the same enabling statute, namely Section 10(b), the Commission's rulemaking power in enacting Rule 10b–6 must include the same scienter requirement the Court has required in Rule 10b–5.

The Commission argues an inquiry into the defendant's state of mind is necessary in Rule 10b–5 because that rule contains general prohibitions against employing any "artifice to defraud," or engaging in acts which, "would operate as a fraud or deceit upon any person." The Commission then asserts that because Rule 10b–6 proscribes specific, narrowly-defined acts, scienter should not be required. This argument fails because it ignores the fact that the basis for the Supreme Court's implication of a scienter requirement in *Hochfelder* and *Aaron* was an interpretation of Section 10(b), not an interpretation of Rule 10b–5. The Court in *Hochfelder* rejected the Commission's argument that Rule 10b–5, as promulgated by the Commission, intended to reach negligent conduct. 425 U.S. at 212–14, 96 S.Ct. at 1390–91. The Court emphasized that the Commission could not promulgate rules under Section 10(b) that did not include the elements which Congress intended to require for a violation of that section. The Court stated:

> More importantly, Rule 10b–5 was adopted pursuant to authority granted the Commission under § 10(b). The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is " 'the power to adopt regulations to carry into effect the will of Congress as expressed by the

statute.' " Thus, despite the broad view of the Rule advanced by the Commission in this case, its scope cannot exceed the power granted the Commission by Congress under § 10(b).

425 U.S. at 212–14, 96 S.Ct. at 1390–91 (citations omitted).

The Commission's argument implies because the Commission has determined the specific acts proscribed in Rule 10b–6 are inherently manipulative or deceptive, this court should not require a showing of scienter. The Fifth Circuit has suggested that it finds this argument contrary to the Supreme Court's holdings in *Hochfelder* and *Aaron.*

> The SEC has maintained that it can enact prophylactic rules, such as Rule 10b–6, which brand particular practices illegal *per se* without the necessity of proving scienter. However, *Ernst & Ernst* and *Aaron* have sharply circumscribed the SEC's power to enact such rules since both held that the SEC cannot discard statutorily defined elements of a cause of action under Rule 10b–5.

*Chemetron Corp. v. Business Funds, Inc.,* 682 F.2d 1149, 1164 n. 39 (5th Cir.1982), *vacated on other grounds,* 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983) (citations omitted).

This court agrees with that statement and sees no principled distinction for reaching a different decision under Rule 10b–6 than the Supreme Court's decision under Rule 10b–5.

In summary, the court finds the Congressional intent embodied in Section 10(b) of the Securities Exchange Act of 1934 requires the Commission to allege and prove scienter as an element of a violation of Rule 10b–6.

**B. VALIDITY OF RULE 10b–6**

Burns argues Rule 10b–6, as written, is fatally defective and unenforceable. Burns asserts a scienter requirement may not be fairly implied in Rule 10b–6, and therefore, this court's implication of such a requirement in Rule 10b–6 would constitute judicial rulemaking. He concludes such a con-

struction is prohibited by *Shea v. Vialpando*, 416 U.S. 251, 257, 94 S.Ct. 1746, 1751, 40 L.Ed.2d 120 (1974). *Shea* is not applicable here. In that case, the State of Colorado had promulgated a regulation which was directly contrary to the express requirements of the statute. 416 U.S. at 260, 94 S.Ct. at 1753. In the present case, the Commission has promulgated a rule which does not expressly include a requirement that is impliedly required by statute. In such a case, the court believes it is proper to construe the regulation to require scienter. *See Ramirez v. Immigration and Naturalization Service*, 550 F.2d 560, 564 (9th Cir.1977) (regulation should not be annulled unless palpably inconsistent with law) (quoting from *Boske v. Comingore*, 177 U.S. 459, 470, 20 S.Ct. 701, 705, 44 L.Ed. 846 (1900)). *See also United Telecommunications, Inc. v. Commissioner*, 589 F.2d 1383, 1390 (10th Cir.1978), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2839, 61 L.Ed.2d 284 (1979) (construe regulation consistent with intent of underlying statute). Accordingly, the court will construe Rule 10b–6 to require that a person be shown to have acted with scienter before a violation may be found.

### C. SUFFICIENCY OF THE SCIENTER ALLEGATIONS

The Commission argues it has sufficiently alleged scienter in its complaint. It points to the portions of its complaint where it alleges Burns "induced" the sales and "authorized" loans to finance purchases. The Commission asserts the element of scienter is sufficiently pled by allegations of "knowing and intentional" conduct, relying primarily on *Aaron*, 446 U.S. at 694, 100 S.Ct. at 1954, and that the Commission has alleged knowing and intentional conduct by its use of the terms "induced" and "authorized."

Burns' position is scienter requires "a mental state embracing intent to deceive, manipulate, or defraud," relying primarily on *Hochfelder*, 425 U.S. at 194 n. 12, 96 S.Ct. at 1381 n. 12. Burns asserts the Commission has not alleged this element of scienter, and therefore, he is entitled to summary judgment.

■ The court finds the Commission's allegations deficient under either standard. The Commission's pleading contains no allegation of intent. Although intent may be alleged generally, Fed.R.Civ.P. 9(b), it must be at least alleged in a "short and plain statement of the claim." Fed.R.Civ.P. 8(a). "The court does not think it inappropriate ... to require plaintiff to make a general averment of scienter in connection with the conduct of [Burns] of which plaintiffs complain." *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303, 1317 (E.D.Va.1981).

### D. LEAVE TO AMEND

1. *Sufficiency of the Scienter Allegations*

Despite the deficiency in its pleading, the Commission asserts summary judgment is improper because there is a question of material fact as to whether Burns acted with scienter. The Commission seeks leave to amend its complaint to add the words "with scienter" to its allegations that Burns induced stock purchases while a distribution was in progress. *See* Proposed First Amended Complaint ¶ 75. Burns attacks the sufficiency of the proposed amendment, continuing to argue the Commission must plead "intent to deceive, manipulate, or defraud." The Commission continues to assert scienter may be proved by showing Burns induced purchases "knowingly and intentionally," but also asserts that by its allegation that Burns acted "with scienter," the Commission has sufficiently alleged Burns' mental state under either standard.

■ The court agrees with the Commission that its allegation Burns acted "with scienter" may lead to a reasonable inference that Burns acted with intent to deceive, manipulate, or defraud. Because this is a reasonable inference, and such an inference is certainly sufficient to meet the requirement of scienter, the court declines to rule at this time on whether a showing that Burns acted knowingly and intention-

ally, but without an intent to deceive, manipulate, or defraud, is sufficient to meet the scienter requirement in a Rule 10b–6 claim. The court will not issue what is in effect an advisory opinion, when the Commission asserts it can prove Burns' conduct satisfied the more stringent scienter standard.

Therefore, the court finds the Commission's proposed first amended complaint sufficiently alleges scienter.

### 2. *Application of Rule 10b-6 to Officers and Directors*

■ Burns argues amendment of the complaint to cure defective allegations of scienter would be futile, because Rule 10b–6, as it existed prior to its 1983 amendment, does not apply to officers and directors of an issuer.

The Commission clearly had the power to enact a rule prohibiting officers of issuers from purchasing or inducing purchases while a distribution was in progress. Section 10(b), from which the Commission derives its rule-making authority, applies to "any person." 15 U.S.C. § 78j. The question is whether the Commission exercised that power when it promulgated Rule 10b–6 in 1955.

The Rule on its face does not apply to officers and directors of issuers. The Commission urges the court to construe the Rule to apply to officers and directors because the Rule prohibits issuers from acting "directly or indirectly." The Commission reasons that this language makes officers, directors and other affiliates of issuers primarily liable for violations of the Rule.

The Commission has consistently interpreted Rule 10b–6 to apply to officers and directors. *See* Securities Exchange Act Release No. 19565 23 (March 4, 1983); Disclosure Requirements of Public Companies and Insiders 136 (J. Flom, B. Garfinkel, J. Freund ed. 1967) (statement by Irving M. Pollock, Director, Division of Trading and Markets, SEC). This interpretation of the Rule by the Commission is entitled to great weight.

When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration.... When the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). The Commission's interpretation should be upheld unless it is unreasonable. *Id. Cf. Carlyle Compressor v. Occupational Safety and Health Review Commission,* 683 F.2d 673, 675 (2d Cir.1982) (rejecting interpretation as unreasonable).

Initially, Burns argues the interpretation advanced by the Commission in this case is not entitled to any deference, because the interpretation was adopted only by the Division of Market Regulation. Burns suggests judicial deference is only due formal opinions adopted by the Commission. Burns cites no authority in support of this proposition, and the court declines to accept it. Moreover, it appears the Commission has at least ratified the interpretation of the Division of Market Regulation. *See* Securities Exchange Act Release No. 19565 at Additional Information III. A ("Historically, the prohibitions of Rule 10b–6 have been interpreted to apply to distribution participants and to all affiliates of such participants."). Therefore, this court must determine whether the Commission's interpretation is a reasonable one.

At least two courts have been willing to permanently enjoin individual officers and directors from violating Rule 10b–6. *See SEC · v. Georgia-Pacific Corp.,* [1964–66 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶¶ 91,680, 91,692 (S.D.N.Y.1966); *SEC v. Electronics Security Corp.,* 217 F.Supp. 831 (D.Minn.1963). However, in both cases the defendants consented to the entry of judgment against them. Because the issue of coverage was not in dispute, the courts' judgments were not conclusive determinations on the merits.

Only two cases have had the opportunity to address the issue. In *Pappas v. Moss*, 393 F.2d 865 (3d Cir.1968), the court reversed the trial court's ruling that defendants had violated Rule 10b–6. Defendants were directors of an issuer, and they purchased stock while a distribution was in progress. The Commission in that case filed an amicus brief urging the court of appeals to find the district court erred because the officers purchased stock that was part of the distribution. The Commission argued Rule 10b–6 "does not prohibit purchases in the course of the distribution; otherwise almost every distribution would violate the rule." *See* Brief for the Securities and Exchange Commission, Amicus Curiae (Albert Declaration Exhibit "H") 17. The individual defendants filed a brief urging the court of appeals to reverse the trial court. One argument advanced was that Rule 10b–6 did not apply to officers and directors. *See* Brief for Director-Defendants (Wheeler Declaration Exh. "A") 17 n. 19. The court of appeals found the trial court erred, but explicitly reserved the question of whether the Rule would apply "were some other distribution in progress." 393 F.2d at 869. Therefore, the *Pappas* case is simply inconclusive on the question presented here.

*In re Gap Stores Securities Litigation*, 457 F.Supp. 1135 (N.D.Cal.1978) involved private multi-district securities fraud litigation. Plaintiffs had stated claims against an individual officer of an issuer for violations of Rules 10b–5, 10b–6, and 10b–7. The court granted summary judgment on all claims. The only statement regarding the 10b–6 claim was as follows:

> Regulations 10b–6 and 10b–7 have no apparent application to Powell since he was neither an underwriter, issuer, broker, dealer, nor other participant in a distribution of [sic] stabilization of a security.

457 F.Supp. at 1140.

This brief statement supports Burns' contention. The court seems to have read Rule 10b–6 literally, and held that the officer simply did not fall into any of the categories of persons who were prohibited from purchasing while a distribution was in progress. While this court agrees that officers of issuers do not fall within the literal language of Rule 10b–6, the court is in disagreement with the result in *Gap Stores*, and declines to follow that decision.

The administrative rule-making history of Rule 10b–6 supports the Commission. The Rule as quoted above was promulgated in 1955. In 1956, the Commission proposed an amendment to specifically include officers and directors within the class of persons subject to the Rule. The Commission stated the purpose of the amendment was:

> to make it clear that officers, directors, and persons controlling the issuer or other person on whose behalf a distribution is made would also be subject to the prohibitions of the rule.

Securities Exchange Act Release No. 5415 (Albert Declaration Exhibit "F") col. 1, ¶ 2 (Dec. 5, 1956). The proposed amendment was withdrawn in 1965. The Commission's release announcing the withdrawal referred to a number of proposals collectively, stating:

> The proposals were withdrawn in light of the effect of the Report of the Special Study of the Securities Markets which resulted in action by self-regulatory agencies and changes in practices in the securities industry, and administrative proceedings and judicial rulings, which obviated the necessity for the proposals.

Securities Exchange Act Release No. 7515 (Albert Declaration Exhibit "G") (Jan. 22, 1965). Beyond this ambiguous statement, there is only speculation about the reasons for the withdrawal. *But see* Disclosure Requirements, *supra*, at 136. In 1983, the Commission amended Rule 10b–6 to explicitly include "affiliated purchasers" within its coverage. *See* Securities Exchange Act Release No. 19565 (Albert Declaration Exhibit "C") at Additional Information III. A (Mar. 4, 1983); 17 C.F.R. § 240.10b–6 (1984). The Commission described the amendment as narrowing the scope of coverage, because the new Rule would cover not all affiliates, but only those affiliates

who act "in concert with" the issuer, who control the issuers' purchases, whose purchases are controlled by the issuer, or whose purchases are under common control with those of the issuer. Release N. 19565 (Albert Declaration Exhibit "C") at Additional Information III. A (Mar. 4, 1983); 17 C.F.R. § 240.10b–6(c)(6) (1984).

Burns argues the proposed amendment of the Rule in 1956, and subsequent withdrawal of the proposed amendment in 1965 indicate the substance of the proposed amendment is not incorporated into the Rule. While such a construction may be generally appropriate, see, e.g., Gossnel v. Spang, 84 F.2d 889, 891 (3d Cir.) cert. denied, 299 U.S. 605, 57 S.Ct. 233, 81 L.Ed. 446 (1936), the fact that the Commission referred to the 1956 proposed amendment as a clarification, and described the 1983 amendment as narrowing the Rule's coverage convince this court that such an inference is not appropriate in this case. Because the reasoning behind such a construction is that withdrawal of an amendment clarifies the intent of the agency which did not adopt the amendment, the descriptions noted above, if anything, indicate the intent of the Commission was that Rule 10b–6, as drafted and promulgated in 1955, apply to an officer such as Burns. Thus the administrative history of Rule 10b–6 simply reinforces the fact, noted above, that the Commission interprets Rule 10b–6 to include officers and directors of an issuer. The history does not support Burns' contention that such an interpretation is unreasonable.

The Commission asserts its interpretation is consistent with the Supreme Court's declaration that the securities laws should be construed "not technically or restrictively, but flexibly to effectuate their remedial purposes." Affiliate Ute Citizens v. United States, 406 U.S. 128, 151, 92 S.Ct. 1456, 1471, 31 L.Ed.2d 741 (1972) (quoting SEC v. Capital Gains Research Bureau, 375 U.S. 180, 195, 84 S.Ct. 275, 284, 11 L.Ed.2d 237 (1963)). Burns opposes this argument with his own canon of construction. Burns argues because Rule 10b–6 includes penal sanctions, any doubts about its construc-

tion must be resolved against coverage, relying on such authority as Dunn v. United States, 442 U.S. 100, 112, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743 (1979). See also Busic v. United States, 446 U.S. 398, 406, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1984). Burns notes although the Commission is not seeking to impose criminal sanctions in this case, the court must still strictly construe the Rule, because the civil reach of the Rule should be co-extensive with its criminal reach. See Duke v. University of Texas at El Paso, 663 F.2d 522, 527 (5th Cir.1981); United States v. Charnay, 537 F.2d 341, 348 (9th Cir.1976).

Burns' argument, while initially compelling, is not persuasive because the policy behind the principle of strict construction of penal statutes is not present in this case. The rationale of construing criminal statutes in favor of leniency is that the state must give its citizens "clear and unequivocal warnings, in language that people generally would understand, as to what actions would expose them to liability for penalties and what the penalties would be." 3 Sands, Sutherland Statutory Construction § 59.03 at 7 (4th ed. 1974). However, in this case, the notice function of the rule was satisfied by the Commission's consistent public declaration that it would interpret the Rule to apply to officers and directors. See, e.g., L. Loss, Securities Regulation 3770–71 (Supp.1969); Wolfson, Rule 10b–6: The Illusory Search for Certainty, 25 Stan.L.Rev. 809, 829 (1973). The position was sufficiently well known that many persons applied to the Commission for an exemption from the Rule, including Nucorp itself. See Nucorp Energy, Inc. (Nov. 28, 1981) (Albert Declaration Exhibits "D", "E"); See also Albert Supplemental Declaration. Moreover, because of the fact that issuers are explicitly covered by Rule 10b–6, an officer of a corporate issuer would certainly know he could not violate Rule 10b–6 in his corporate capacity, without subjecting the corporation to liability. The complaint in this case alleges Burns induced officers of Nucorp subsidiaries to purchase stock with money advanced by

**1368**

Nucorp. If proven, the actions of Burns could subject Nucorp itself to liability. Thus, even under Burns' construction of Rule 10b–6, Burns had adequate notice that his conduct was prohibited.

Because this court is satisfied that the policy behind the rule of strict construction for penal statutes is satisfied, the court is inclined to follow the Commission's suggestion that Rule 10b–6 be construed broadly to encompass an officer and director such as Burns. As a practical matter, the ability of the Commission to enforce Rule 10b–6 against individual officers and directors prevents those individuals from perpetrating securities fraud through various corporate entities, and is consistent with the rule's policy of preventing fraudulent manipulation of the securities markets during distributions.

The court finds it is not unreasonable to conclude that when the Commission prohibits an issuer from indirectly inducing purchases, it also imposes liability on the actors through which the issuer acts. Therefore, the court finds Rule 10b–6 as it existed in 1980 can be used to impose liability upon an officer and director of an issuer.

The proposed amended complaint states a valid claim against Burns in Count V, and the proposed amendment would not be futile.

### 3. *Conclusion*

Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Absent compelling reasons, the court should exercise its discretion to allow leave to amend. *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Mayes v. Leipziger,* 729 F.2d 605, 608–09 (9th Cir.1984). Burns has not advanced any reason why allowing leave to amend would prejudice him, nor does he assert improper motive. Burns only argues the proposed amendment would be futile. Because this court finds the proposed amendment would not be futile, the Commission will be granted leave to amend its complaint.

## IV.

### SUMMARY

In summary, this court finds Section 10(b) requires proof of scienter before a violation of Rule 10b–6 can be found. But the Rule, as drafted, is not invalid. The Commission has not sufficiently alleged scienter in its complaint. Therefore, summary judgment is appropriate dismissing Count V of the complaint. However, the Commission's proposed amended complaint sufficiently alleges scienter, and the court finds the Commission should be allowed to amend its complaint. Such amendment would not be futile, because Rule 10b–6 applies to officers and directors of an issuer.

Accordingly,

## V.

### ORDER

IT IS ORDERED that defendant's motion for partial summary judgment is granted. Count V of the complaint is dismissed without prejudice. Plaintiff is granted leave to amend its complaint. Plaintiff shall file its first amended complaint within ten days after the date this order is entered.