Simon E. JACKSON, Appellant,

v.

ALLEN INDUSTRIES, Inc., a Delaware Corporation, Appellee.

No. 13231.

United States Court of Appeals
Sixth Circuit.
Jan. 2, 1958.

———◆———

Dee Edwards, Detroit, Mich., for appellant.

Howard M. Lubbers, Detroit, Mich. (Freud, Markus, Gilbert & Lubbers, Detroit, Mich., on the brief), for appellee.

Geo. E. Woods, Detroit, Mich. (George E. Woods, Detroit, Mich., on the brief), for the United States as amicus curiae.

Before SIMONS, Chief Judge, ALLEN and MILLER, Circuit Judges.

PER CURIAM.

█ The principal question presented in this appeal is whether the District Court erred in refusing to compel obedience to a subpoena *duces tecum* served in behalf of plaintiff,[1] who had filed an action for wrongful discharge and interference with employment. The subpoena was served upon the special agent in charge of the Detroit Field Office of the FBI to compel production in court of certain FBI documents and records. The special agent, Charles W. Brown, a subordinate agent of the FBI, declined to produce the documents and records subpoenaed upon the ground that the Attorney General of the United States had determined under Executive Order 3229 of the Department of Justice to claim privilege as to the papers, etc. *covered by* the subpoena. The United States attorney was instructed by the Attorney General to present the claim of privilege to the United States District Court which thereupon refused to compel compliance with the subpoena. Under the applicable law this action of the District Court was correct. Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417; Appeal of United States Securities & Exchange Commission, 6 Cir., 226 F.2d 501.

█ The complaint presented three counts, the first and second of which were abandoned by plaintiff and dismissed with prejudice. The third count prayed for damages alleged to have been caused by defendant's interference with plaintiff's employment and attempts to secure employment. Upon this feature of the case proof was offered to the effect that plaintiff was employed by defendant from January 6, 1947, until September 12, 1950. Plaintiff was later employed at the Ordnance Tank Automotive Center. He took a civil service examination in order to qualify for employment at the Ordnance Center. On October 24, 1952, after a hearing before the Regional Loyalty Board at Detroit, plaintiff's suspension from work at the Ordnance Center was ordered in a letter of the Civil Service Commission which stated "there is a reasonable doubt as to the loyalty of Mr. Jackson to the Government of the United States. * * *" "Therefore, he has been rated ineligible for Federal employment. * * *"

On appeal this action of the Civil Service Commission was confirmed and plaintiff was finally suspended from employment at the Ordnance Center on January 5, 1953.

Proof was offered that two of defendant's employees made statements to the FBI tending to create a question of plaintiff's loyalty to the United States. After a full hearing and the making of extensive findings and conclusions the District Court dismissed the third count of the complaint upon its merits. This action was not erroneous. It was not proved that defendant's officers or directors had instructed their employees to give information to the FBI with reference to the above matters and the alleged communications from defendant's employees were not shown to have any connection with the adverse loyalty report by the Regional Loyalty Board or the United States Civil Service Commission. Plaintiff admitted that he did not know that defendant had done or said anything to interfere with his employment at other places or at the Ordnance Tank Automotive Center, from which plaintiff was

---

1. The parties will be denominated as in the trial court.

suspended after some six weeks work. Since no causal connection is shown between information given by defendant's employees to the FBI and the charges against plaintiff instituted in the Regional Loyalty Board and considered by the United States Civil Service Commission, the judgment of the District Court is supported by the record and the applicable law.

The judgment is affirmed.