Kimberly METCALFE, Administrator, Plaintiff,

v.

ULTIMATE SYSTEMS LTD., Corp., et al., Defendant.

No. 3:04 CV 7466.

United States District Court, N.D. Ohio, Western Division.

Dec. 2, 2004.

---

David W. Zoll, Pamela A. Borgess, Toledo, OH, for Plaintiff.

Glenn E. Wasielewski, Manahan, Pietrykowski, Delaney & Wasielewski, Gregory B. Denny, Bugbee & Conkle, LLP, Toledo, OH, James R. Vaughn, Anthony J. Darnelio, Jr., Beachwood, OH, Stephen F. Korhn, Clemens, Korhn, Liming & Warncke Block Six Business Center, Defiance, OH, Amy M. Natyshak, Michael A. Gonzalez, Marshall & Melhorn, Lawrence J. Kiroff, Office of the U.S. Attorney Northern District of Ohio, Toledo, OH, for Defendants.

## *MEMORANDUM OPINION*

KATZ, District Judge.

This matter is before the Court on the motion of the United States of America, on behalf of the Occupational Safety and Health Administration ("OSHA"), for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 11). The motion is unopposed. This Court has jurisdiction under 28 U.S.C. § 1441 and 1442. For the reasons stated below, the United States of America's motion is granted.

### BACKGROUND

Kimberly Metcalfe, as the administrator of the estate of Nicholas Metcalfe, sued several defendants in Allen County, Ohio Common Pleas Court. On June 24, 2004, that court adopted a stipulated order (the "Stipulated Order"), which provided:

> Plaintiff, Kimberly Metcalfe, Administrator of the Estate of Nicholas Metcalfe, deceased and defendants, Ultimate Systems, Ltd., Corp., Shar Systems, Inc., RTH Processing, Inc., and MAC Valves, through counsel, hereby stipulate to the disclosure and release by the Occupational Safety and Health Administration of a full, complete, and unredacted copy of its investigative report relating to the August 15, 2002 incident that occurred at Ultimate Systems, Inc., Corp. and involved decedent, Nicholas Metcalfe.

(Doc. No. 11, Ex. A.) OSHA did not release the documents. On July 28, on the motion of one of the defendants, the Allen County Court issued an order (the "Show Cause Order"), ordering OSHA and its Toledo Area Director, Julie Jones, to appear and:

> [T]o show why a full, complete and unredacted copy of its investigative report of the August 15, 2002 incident at Ultimate Systems, Ltd. Corp. has not been released and to show cause why a finding of contempt should not be entered.

(Doc. No. 11, Ex. C.)

OSHA, which is a part of the United States Department of Labor ("DOL"), is not a party to the underlying lawsuit. On August 4, 2004, OSHA removed the case to this Court under 28 U.S.C. §§ 1441, 1442, and 1446, solely for a determination regarding the state court contempt proceedings against OSHA and its employee.

OSHA has moved under Federal Rule of Civil Procedure 60(b) for relief from the Stipulated Order and Show Cause Order, claiming they are void because a state court lacks jurisdiction to compel testimony or document production by a federal agency when a valid agency regulation prohibits such disclosures.

## DISCUSSION

### A. Touhy *Regulations*

■ OSHA claims a valid DOL regulation prohibits its employees from producing documents from OSHA files in response to a subpoena, unless appropriate DOL officials so authorize. Federal agencies may promulgate regulations giving the agency the authority to determine whether and how its employees will respond to a subpoena duces tecum. *United States* ex rel. *Touhy v. Ragen,* 340 U.S. 462, 468, 71 S.Ct. 416, 95 L.Ed. 417 (1951); *Jackson v. Allen Indus., Inc.,* 250 F.2d 629, 630 (6th Cir.1958). Such regulations are known as *Touhy* regulations.

The regulation at issue in *Touhy* provided:

> All official files, documents, records and information in the offices of the Department of Justice, including the several offices of United States Attorneys, Federal Bureau of Investigation, United States Marshals, and Federal penal and correctional institutions, or in the custody or control of any officer or employee of the Department of Justice, are to be regarded as confidential. No officer or employee may permit the disclosure or use of the same for any purpose other than for the performance of his official duties, except in the discretion of the Attorney General, The Assistant to the Attorney General, or an Assistant Attorney General acting for him.

*Touhy,* 340 U.S. at 463, 71 S.Ct. 416 (quoting 11 Fed.Reg. 4920 (May 2, 1946)). The regulation advised those subpoenaed to appear in court and "respectfully decline to produce the records specified ... on the ground that the disclosure of such records is prohibited by this regulation." *Id.*

Under *Touhy,* "the state is without jurisdiction to independently compel the testimony or production of documents when it is contrary to a valid [federal] agency regulation .... a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." *Edwards v. United States Dep't Of Justice,* 43 F.3d 312, 316–17 (7th Cir.1994); *see also Houston Bus. Journal, Inc. v. Office of Comptroller of Currency, United States Dep't of Treasury,* 86 F.3d 1208, 1211–12 (D.C.Cir.1996); *Jackson,* 250 F.2d at 630 (holding district court did not err in refusing to enforce a subpoena duces tecum against an FBI agent who asserted that the same Department of Justice regulation at issue in *Touhy* precluded his compliance).

### B. *Rule 60(b)*

OSHA has moved for relief from the Allen County Common Pleas Court's orders under Federal Rule of Civil Procedure 60(b)(4), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void." "Under Rule 60(b)(4), if the rendering court lacked subject matter jurisdiction, the underlying judgment is void...." *Eglinton v. Loyer,* 340 F.3d 331, 335 (6th Cir.2003).

Rule 60(b) provides relief only from "final" judgments or orders. "[M]ost orders requiring or denying discovery, including those issued in connection with a subpoena," are not "final." *Branch v. Phillips Petroleum Co. v. EEOC,* 638 F.2d 873, 877 (5th Cir. Unit A Mar.1981). The Fifth

Circuit has developed an exception to that general rule. *Id.* In *Branch,* a party to an employment discrimination lawsuit sought documents from the non-party EEOC, and the district court ordered the EEOC to comply with the subpoena. *Id.* at 876. The EEOC appealed this order, claiming that its own regulations created a privilege as to some of the requested documents. *Id.* at 879. The party argued the district's court's order was not a "final" judgment that could be appealed under 28 U.S.C. § 1291. *Id.* at 877. The Fifth Circuit acknowledged the general rule but pointed to an exception that allows "immediate appeal by a governmental entity where the government is not a party and assert[s] some governmental privilege to resist release of the subpoenaed material." *Id.*

While no other circuits appear to have expressly adopted this exception, several have quashed subpoenas and dismissed show cause orders not under the Rule 60(b) rubric, but based simply on the issuing court's lack of jurisdiction to enforce them, on the grounds of either sovereign immunity, the holding in *Touhy,* or both. *See, e.g., Edwards,* 43 F.3d at 316–17; *Houston Bus. Journal,* 86 F.3d at 1211–12.

In *Edwards,* the plaintiff filed a state-court collateral attack on his criminal conviction and subpoenaed Department of Justice ("DOJ") surveillance reports made during an FBI investigation of his activities. *Edwards,* 43 F.3d at 313–14. After Edwards obtained a show cause order, the DOJ removed the matter to federal court and moved to quash the subpoena and dismiss the show cause order. *Id.* at 314. The Seventh Circuit upheld the district court's quashing of the subpoena, finding that the state court lacked jurisdiction to compel production of federal agency documents because the DOJ had a valid *Touhy* regulation and because the DOJ had not waived sovereign immunity.

In *Houston Business Journal,* the Journal sought documents from the Office of the Comptroller of Currency, for use in a Texas state-court libel action to which the Comptroller was not a party. *Houston Bus. Journal,* 86 F.3d at 1210. The Journal was dissatisfied with the Comptroller's meager production, and obtained an order to compel the production of the documents. *Id.* at 1211. The Comptroller removed the subpoena enforcement aspect of the case to federal court, where the district court granted the motion to quash the subpoena because federal sovereign immunity precluded the state court from enforcing its subpoena. *Id.* The D.C. Circuit agreed, and added, citing to *Touhy,* "[m]oreover, a court cannot enforce a subpoena against an employee of the federal government agency when the agency has validly enacted a regulation ... that withdraws from employees the power to produce documents." *Id.* at 1212.

■ Based on the foregoing, the Court concludes it may grant relief from the two Allen County orders if OSHA is otherwise so entitled.[1]

---

1. This conclusion is not affected by Congress's statutory overruling of the doctrine of "derivative jurisdiction," upon which *Edwards* and *Houston Business Journal* rely for the proposition that where sovereign immunity precludes the state court's enforcement, for want of jurisdiction, of a subpoena against a federal agency,"the federal court in a removed action is also barred from enforcing a subpoena against the federal government."

*Houston Bus. Journal,* 86 F.3d at 1211–12. The "derivative jurisdiction" doctrine provided that the jurisdiction of a federal court on removal was derivative of the state court. As the Sixth Circuit has noted, however, in 1986, Congress overruled the doctrine in 28 U.S.C. § 1441. Nevertheless, in *Hoste v. Shanty Creek Mgmt., Inc.,* 246 F.Supp.2d 784, 789 (W.D.Mich.2002), the United States District Court for the Western District of Michigan

## C. Enforcement of the Allen County Orders

OSHA is an agency within the DOL. The DOL has promulgated a regulation providing that:

> No employee or former employee of the Department of Labor shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department or disclose any information relating to material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of his official duties or because of his official status without approval of the appropriate Deputy Solicitor of Labor.

29 C.F.R. § 2.22. A "demand" includes:

> [A] subpoena, order, or other demand ... of a court or other authority, in connection with a proceeding to which the U.S. Department of Labor is not a party ... issued for the production or disclosure of (1) any material contained in the files of the Department, (2) any information relating to material contained in the files of the Department, or (3) any information or material acquired by any person while such person was an employee of the Department as a part of the performance of his official duties or because of his official status.

29 C.F.R. § 2.20. If a court forces a DOL employee to comply with a demand despite these regulations, the employee is instructed to "respectfully decline to comply with the demand." 29 C.F.R. § 2.24.

■ The DOL regulations at issue here are substantively identical to those in *Touhy*. They clearly prohibit OSHA and its employee, Ms. Jones, from making the disclosures ordered by the Allen County Court of Common Pleas. Here, as in *Edwards* and *Houston Business Journal,* the state court orders seeking documents from the non-party federal agency cannot be enforced and shall be dismissed. The Court notes that, as OSHA points out, the parties seeking OSHA records are not without a remedy: they may file a collateral action seeking review of the agency's refusal to release the records in federal court under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq. See Edwards,* 43 F.3d at 314.

### CONCLUSION

Based on the foregoing, the motion of the United States of America for relief from judgment is granted. The "Stipulated Order for the Release of Full, Complete and Undredacted Records from the Occupational Health and Safety Administration" adopted on June 30, 2004 by the Allen County, Ohio Common Pleas Court, and the July 28, 2004 "Order Granting Motion to Show Cause" are vacated. This case having been removed to this Court solely for the determination of this issue, the Clerk is instructed to remand this case to the Allen County Court of Common Pleas.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the

---

acknowledged this but held, relying on *Edwards,* that "sovereign immunity bars the enforcement of a state court order requiring testimony by an unwilling federal officer." *Id.* at 789–90. Moreover, the Supreme Court in *Touhy* and the Sixth Circuit in *Jackson* held that a federal court may not enforce a subpoena against an unwilling federal agency employee where there is a valid agency regulation precluding the sought-after disclosure. *Touhy,* 340 U.S. at 463, 469–70; *Jackson,* 250 F.2d at 630.

955

motion of the United States of America for relief from judgment is granted.

·FURTHER ORDERED that the "Stipulated Order for the Release of Full, Complete and Undredacted Records from the Occupational Health and Safety Administration" adopted on June 30, 2004 by the Allen County, Ohio Common Pleas Court, and the July 28, 2004 "Order Granting Motion to Show Cause" are vacated. ·

FURTHER ORDERED that, this case having been removed to this Court solely for the determination of this issue, the Clerk is instructed to remand this case to the Allen County, Ohio Court of Common Pleas.